**Kathleen T. GREENIDGE, and Walwyn Greenidge, Plaintiffs,**

v.

**MUNDO SHIPPING CORPORATION, Defendant.**

No. 97–CV–6232(FB).

United States District Court, E.D. New York.

March 3, 1999.

Pedro A. Garcia, New York City, for Plaintiffs.

Mark I. Kunkin, DeOrchis, Walker & Corsa, LLP, New York City, for Defendant.

## MEMORANDUM AND ORDER

BLOCK, District Judge.

Plaintiffs Kathleen Greenidge and Walwyn Greenidge (collectively, the "Greenidges") move pursuant to 28 U.S.C. § 1447(c) to remand this action to the Supreme Court, Queens County ("State"), from which it was removed by defendant Mundo Shipping Corporation ("Mundo"). The defendant opposes the motion for re-

mand and cross-moves for partial summary judgment. For the reasons explained below, the Greenidges' motion is granted, this action is remanded to State court and Mundo's motion is denied, without prejudice.

### Background

On October 7, 1997, the Greenidges commenced an action against Mundo in State court. In their complaint, they allege that Kathleen Greenidge, through her agent Walwyn Greenidge, arranged with Mundo to ship her automobile from New York to the West Indies for $2,100.00. They further allege that the automobile came under the control, care and responsibility of Mundo in New York, and that the car has not been returned to Kathleen Greenidge, nor has compensation been paid to her, despite her demands for such relief. The Greenidges have sued Mundo for conversion, because Kathleen Greenidge's car has allegedly not been returned to her, and gross negligence, because Mundo has allegedly refused to provide the Greenidges with information concerning the whereabouts of the car. The Greenidges seek compensatory and punitive damages.

On October 29, 1997, Mundo removed the action from State court to federal court in the Eastern District of New York. Mundo's removal papers include a copy of a two-page bill of lading which Mundo allegedly gave to the Greenidges. The second page of the bill of lading is largely unreadable because of its very small print and poor reproduction quality. Mundo alleges that this page incorporates the provisions of the Carriage of Goods by Sea Act ("COGSA"), 46 App.U.S.C. § 1300 *et seq.*, and, specifically, its $500.00 limit on liability. Accordingly, Mundo's cross-motion for partial summary judgment seeks to limit its liability to that sum. The Greenidges oppose this cross-motion on the grounds that they did not receive the second page of the bill of lading until after they had relinquished control of the car, and consequently, they had no opportunity to object to or protect themselves against this re-strictive liability. In seeking remand, the Greenidges contend that the viability of their common law tort claims and Mundo's COGSA defense should be adjudicated in State court.

### Discussion

#### A. Burden of Proof

■ A federal court does not have subject matter jurisdiction over a case that has been improperly removed from state court. Thus, the removing party must establish grounds for federal jurisdiction in the removal petition, and "bears the burden of proving that the case is properly in federal court." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Mundo, in its petition, invokes both admiralty and federal question jurisdiction as its basis for placing the case in federal court since "[t]he Mundo bill of lading which constituted the contract of carriage for the shipments in suit incorporates COGSA ...." Notice of Removal, at ¶ 4.

■ In keeping with its burden to establish federal jurisdiction, where the facts underlying removal are in dispute the removing party must prove those facts by a preponderance of the evidence. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *United Food*, 30 F.3d at 301 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Here, it is not known whether the alleged conversion occurred on land or at sea, and whether the Greenidges had received the second page of the bill of lading, with its alleged limitation of liability, prior to relinquishing the car. If resolution of these factual issues were necessary to resolve the subject matter jurisdictional issue, Mundo would be entitled to a hearing pursuant to Rule 43(e) of the Federal Rules of Civil Procedure to afford it the opportunity to satisfy its burden of proof. However, for the reasons that follow, neither admiralty nor federal question

jurisdiction obtains regardless of how these factual matters be resolved.

## B. Admiralty Jurisdiction

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled ...." 28 U.S.C. § 1333(1). Whether admiralty jurisdiction could here be invoked would undoubtedly turn on whether the alleged tortious conduct occurred on land or at sea. *See, e.g., Leather's Best v. S.S. Mormaclynx,* 451 F.2d 800, 808 (2d Cir.1971) (action against warehouse for negligent loss of cargo on land is state law claim, and not within federal maritime jurisdiction); *New York Marine & Gen. Ins. v. S/S Ming Prosperity,* 920 F.Supp. 416, 421 (S.D.N.Y. 1996) ("In numerous tort cases, the Second Circuit has held unequivocally that no maritime jurisdiction exists if the alleged damage occurred during any land portion of transportation."); *see also Colgate Palmolive Co. v. S/S Dart Canada,* 724 F.2d 313, 315 (2d Cir.1983).

■■■ Resolution of this factual issue is here irrelevant because even if it be determined that the Greenidges' case is in admiralty, "[c]ommon law maritime cases filed in state court are not removable to federal court, due to 28 U.S.C. § 1333's 'saving to suitors' clause." *Pierpoint v. Barnes,* 94 F.3d 813, 816 (2d Cir.1996). "Under the 'saving to suitors' clause [plaintiffs] with a common law claim arising from a transaction over which a federal court would have admiralty jurisdiction may either avail themselves of federal admiralty jurisdiction or sue at law in state court." [1] *Yangming Marine Transport Corp. v.*

*Electri–Flex Co.,* 682 F.Supp. 368, 372 (N.D.Ill.1987). *See Pierpoint,* 94 F.3d at 816; *Victrix Steamship Co., S.A. v. Salen Dry Cargo, A.B.,* 825 F.2d 709, 713 (2d Cir.1987). Therefore, assuming, without deciding, that admiralty jurisdiction exists over the Greenidges' claims, they nonetheless could rightfully have their case litigated in State court since admiralty cases are an exception to ·"the general rule that cases which could originally have been filed in federal court are removable to federal court at the option of the defendant." *Pierpoint,* 94 F.3d at 816.

## C. Federal Question Jurisdiction

Federal question jurisdiction may be statutorily grounded in either of two statutes: 28 U.S.C. § 1337 ("The district courts shall have *original* jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ...;"), or 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.").[2] Relying on COGSA, Mundo sets forth two bases in support of its contention that removal is warranted by reason of federal question jurisdiction: (1) because of the incorporation of COGSA into the bill of lading, the Greenidges' claims are governed by federal law; (2) in any event, COGSA completely preempts the plaintiffs' claims, even if they be regarded solely as state claims.

■■■ Turning first to the issue of complete preemption, "'on occasion ... the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim ....'" *Fax Telecom-*

1. The saving to suitors clause only defeats admiralty jurisdiction, not federal question jurisdiction. *See Romero v. International Terminal Operating Co.,* 358 U.S. 354, 371–72, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

2. Admiralty cases are not cases "arising under" the Constitution, laws, or treaties of the United States for purposes of statutory origi-

nal federal question jurisdiction. *See Romero,* 358 U.S. at 363 n. 16, 79 S.Ct. 468; *Woodward Governor Co. v. Curtiss–Wright Flight Sys., Inc.,* 164 F.3d 123, 126 (2d Cir.1999) ("suits involving maritime claims are governed by the venerable federal common law of admiralty").

municaciones Inc. v. AT & T, 138 F.3d 479, 479 (2d Cir.1998) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). Where state law within a certain field of law is completely preempted, a complaint that pleads state law claims in that field is removable to federal court. *See id.* However, removal based on complete preemption is limited to a narrow range of cases in which Congress has clearly manifested an intent to make a specific action within a particular area removable. *See Marcus v. AT&T Corp.*, 138 F.3d 46, 54 (2d Cir.1998). The United States Supreme Court has only recognized complete preemption as to claims made under the Labor Management Relations Act, ERISA suits by beneficiaries, and certain Indian land grant rights. *Id.; Fleet Bank, N.A. v. Burke*, 160 F.3d 883, 886–87 (2d Cir.1998).

 Congress has not clearly manifested an intent that COGSA completely preempt state law as to shipping by sea. Rather, COGSA simply sets forth the minimum liabilities, rights and responsibilities of the carrier and shipper; it does not regulate all onboard activities related to cargo. *See* 46 App.U.S.C. § 1300 *et seq.* Furthermore, COGSA does not cover activities before or after the loading of a ship, although these activities are integral to international shipping. *See* 46 App. U.S.C. § 1301; *Colgate Palmolive*, 724 F.2d at 315. In that regard, Congress has limited itself to simply precluding those intricately involved in the shipping process from exculpating themselves from liability for their on-land conduct, *see* the Harter Act, 46 App.U.S.C. §§ 190–195, and has thereby implicitly decided not to regulate all aspects of pre- and post-loading activities. *See Hemphill v. Transfresh Corp.*, 1998 WL 320840, at *3–*4 (N.D.Cal. June 11, 1998) (action alleging state law causes

of action is not removable because COGSA does not completely preempt state law).

 In respect to Mundo's contention that COGSA nonetheless federalizes Greenidges' lawsuit because of COGSA's incorporation into the bill of lading, the Greenidges would, under any view of the facts, be entitled to return to state court by operation of the well-pleaded complaint rule. Under this rule, in the absence of complete preemption, "a plaintiff may avoid federal jurisdiction by pleading only state law claims, even where federal claims are also available, and even if there is a federal defense." *Fax Telecommunicaciones*, 138 F.3d at 486. This holds true, "even where Congress has chosen to regulate an entire field of law in the area in question." *Marcus*, 138 F.3d at 52. A plaintiff may not, however, under the "artful pleading" doctrine, avoid removal "by framing in terms of state law a complaint the real nature of [which] is federal, .. or by omitting to plead necessary federal questions in a complaint." *Id.* at 486–87 (internal quotation omitted).

 The Greenidges complaint does not fall prey to the artful pleading proscription; their claims of negligence and conversion are pure state law claims, devoid of any dependent federal issues. Under any view of the case, Mundo's reliance on COGSA's limitation of liability is either a federal statutory or state common law contractual defense to plaintiff's "well-pleaded" complaint. *See Colgate Palmolive*, 724 F.2d at 315 ("Parties may contractually extend COGSA's application beyond its normal parameters. When they do so, however, COGSA does not apply by its own force, but merely as a contractual term.").[3] Since defenses premised on federal statutes do not qualify as grounds upon which to establish jurisdiction, *Rivet*

---

**3.** Courts of Appeals in other circuits have held, contrary to *Colgate Palmolive*, that a contractual extension of COGSA in a bill of lading is to be construed according to federal law. *See Wemhoener Pressen v. Ceres Marine Terminals, Inc.*, 5 F.3d 734, 741 (4th Cir.

1993) ("Most courts apparently have assumed, without deciding, that contractual extensions of COGSA are to be construed according to the terms of the bills of lading and without reference to state law.").

*v. Regions Bank of La.,* 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998); *Fax Telecommunicaciones,* 138 F.3d at 487; *Marcus,* 138 F.3d at 52–53, neither COGSA nor the terms of the bill of lading can serve as the basis for removal.

In sum, the Greenidges are entitled to have their claims litigated in State court. Mundo is, of course, entitled to assert its COGSA limitation of liability claim in that litigation as an affirmative defense and the State court will, based upon the developed facts, determine its viability as either a state contractual defense or a federal statutory defense. *See Hemphill,* 1998 WL 320840, at *3 n. 1 ("The court expresses no opinion on the effect that COGSA and other federal laws may have on plaintiff's state law claims. The [state court] is competent to address these issues.").

### D. Costs and Expenses

■ The Greenidges have moved for the costs and expenses they incurred as a result of Mundo's improvident removal of this action but have not submitted evidence in support of this claim. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *Morgan Guaranty Trust Co. of N.Y. v. Republic of Palau,* 971 F.2d 917, 923–25 (2d Cir.1992) (finding removal order for lack of jurisdiction nonappealable, but affirming grant of attorney fees and costs). The Court grants the Greenidges reasonable costs and expenses and retains jurisdiction over this action for this limited purpose.

### Conclusion

For the reasons discussed above, the Court lacks subject matter jurisdiction over the plaintiffs' claims. The Court, therefore, remands this action to the Supreme Court of the State of New York, Queens County, from which it was improvidently removed. Mundo's cross-motion is dismissed, without prejudice, for lack of

subject matter jurisdiction. The Court grants the Greenidges reasonable costs and expenses and will retain jurisdiction over this action for the limited purpose of assessing such costs and expenses, upon a proper submission, in the event that the parties cannot forthwith reach an agreement in respect thereto.

**SO ORDERED.**