# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-3602
No. 98-4046

_____

| | | |
|---|---|---|
| Phillips Beverage Company, through its operating division, Millenium Import Co., | * * * * | |
| Appellee, | * * * | Appeals from the United States District Court for the District of Minnesota. |
| v. | * | |
| Belvedere, S.A., formerly known as France Euro Agro, S.A., | * * * * | |
| Appellant. | * | |

_____

Submitted: December 16, 1999

Filed: February 18, 2000

_____

Before McMILLIAN and FAGG, Circuit Judges, and BOGUE,[*] District Judge.

_____

FAGG, Circuit Judge.

_____

[*]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

Belvedere, S.A. (Belvedere) appeals from an injunction and related civil contempt sanctions issued by the district court in favor of Phillips Beverage Company, through its operating division, Millenium Import Company (Phillips). We affirm.

Belvedere designed and manufactured a vodka bottle for a Polish distillery. When the relationship between Belvedere and the distillery soured, Belvedere contends Phillips had counterfeit and infringing bottles made for the distillery and shipped to the United States. Belvedere moved for a temporary restraining order in federal district court, seeking to enjoin Phillips from importing the bottles. After the district court denied the motion, Belvedere turned to the United States Customs Service (Customs), where Belvedere recorded its purported copyright and applied for a Customs order detaining Phillips's allegedly infringing bottles. See 19 C.F.R. § 133.43(a) (1999) (Customs can detain imported articles if Customs "has any reason to believe that an imported article may be an infringing copy . . . of a recorded copyrighted work"). Customs made an initial determination of infringement and detained the vodka shipments.

In response, Phillips returned to the district court and requested an injunction ordering Belvedere to withdraw its pending application before Customs. The district court concluded the injunction was necessary to "prevent the undermining of [its] jurisdiction," ordered Belvedere to "withdraw its application for detention of . . . vodka shipments now pending before [Customs]," and enjoined Belvedere "from prosecuting or taking any actions in support of the pending application for detention of . . . vodka shipments." Because Belvedere repeatedly refused to withdraw its pending application, the district court also assessed civil contempt sanctions against Belvedere. Belvedere eventually complied with the district court order, and Customs released the vodka shipments.

On appeal, Belvedere contends the district court could not order Belvedere to withdraw its Customs application, arguing the relevant federal regulations permit

Belvedere to seek relief before Customs on its infringement claims despite having already presented these claims to the district court. See 19 C.F.R. § 133.43(e) (1999) ("As an alternative to [presenting an infringement claim to Customs], the copyright owner . . . may seek a court order enjoining importation of the article."). Contrary to Belvedere's view, we conclude the district court acted properly under the authority granted it by the All Writs Act to "issue all writs necessary or appropriate in aid of [its] . . . jurisdiction[]." 28 U.S.C. § 1651(a) (1994). Here, Belvedere initially chose to invoke the district court's jurisdiction by filing its motion for a temporary restraining order. Belvedere then attempted to make an end run around the district court's refusal to grant the interim relief Belvedere sought in a case over which the district court continued to have jurisdiction by going back to Customs and asking Customs to do what the district court would not. In these circumstances, the district court could order Belvedere to withdraw its pending Customs application to "prevent the frustration of [the] order[] it ha[d] previously issued in its exercise of jurisdiction otherwise obtained." United States v. New York Tel. Co., 434 U.S. 159, 172 (1977); accord NAACP v. Metropolitan Council, 125 F.3d 1171, 1173 (8th Cir. 1997) (district court properly issued order under All Writs Act to protect integrity of earlier order and to prevent parties over whom court had continuing jurisdiction from resorting to alternative forum to relitigate settled issues), vacated and remanded for reconsideration, 522 U.S. 1145 (1998), reinstated after remand, 144 F.3d 1168 (8th Cir.), cert. denied, 119 S. Ct. 73 (1998); Ewart v. Y & A Group, Inc., 38 F.3d 380, 382-83 (8th Cir. 1994) ("All Writs Act indirectly confers on injunction beneficiaries the right to judicial enforcement"); VMS Ltd. Partnership Sec. Litig. v. Prudential Sec. Inc., 103 F.3d 1317, 1324 (7th Cir. 1996) (approving "a district court's use of the All Writs Act to prevent litigants from frustrating or circumventing its orders" and "to guard the integrity of its prior rulings over which it had expressly retained jurisdiction"); Winkler v. Eli Lilly & Co., 101 F.3d 1196, 1202-03 (7th Cir. 1996) (same).

Belvedere also asks this court to vacate the district court's contempt orders because the underlying injunction was invalid. Because we have concluded the district court's injunction was proper, we reject Belvedere's claim.

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.