JOURNAL ENTRY AND OPINION
{¶ 1} This appeal hinges on the very narrow issue of whether the trial court erred in dismissing the underlying litigation on the grounds that the court lacked subject matter jurisdiction. The trial court's journal entry of September 17, 2002 states:
Defendant's Motion For Judgment On The Pleadings * * * Filed 06/01/2001 Is Granted. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims As The United States District Court For The Eastern District Of Pennsylvania, Per Pretrial Order No. 1117 Dated 10/17/97 And Issued By Judge Bechtle, Retains Continuing And Exclusive Jurisdiction Over The Issues Raised In Plaintiff's Complaint. Consequently, All Claims In This Action Are Dismissed. Please Remove From Active Docket. Final.
 {¶ 2} The sole assignment of error states:
The Trial Court Erred As A Matter Of Law When It Dismissed The Complaint Based Upon Lack Of Subject Matter Jurisdiction.
 {¶ 3} The parties to this litigation are all attorneys who worked on a nationwide class action suit against the various manufacturers of pedicle screw implants, a medical device, which later failed. This litigation was finally settled on October 17, 1997 in federal court.
 {¶ 4} The plaintiffs-appellants in this case, Michael O'Shea and Lestelle Lestelle, are attorneys who pursued this litigation for the class in Ohio. After the litigation was settled, they claim, the defendants-appellees, also attorneys working on the litigation, failed to remit to them their share of the contingency fee. Defendants, on the other hand, claim that they have not yet received payment either and that the federal court has appointed an administrator to disburse the funds. Defendants contend, therefore, that not only are they unable to share funds they have not yet received, but that this court lacks jurisdiction to address this issue because it was reserved exclusively by the federal court.
 {¶ 5} In its final order and judgment, the federal court expressly retained exclusive jurisdiction over the distribution of attorney fees. The federal court stated, "[t]his Court reserves continuing and exclusive jurisdiction * * * for the purposes of * * * the payment of attorneys' fees and expenses * * *." at 10.
 {¶ 6} When subject matter jurisdiction is challenged, the plaintiff has the burden of proving that the chosen court has jurisdiction. Collins v. Hamilton Co. Dept. of Human Serv., Franklin App. No. 01AP-1194, 2002-Ohio-1325; Linkous v. Mayfield (June 4, 1991), Scotio App. No. CA1894, 1991 Ohio App. LEXIS 2670. Plaintiffs rely onRivet v. Regions Bank of Louisiana (1998), 522 U.S. 470 to support their contention that lack of jurisdiction is an affirmative defense which must be proven by defendant. The facts and issues in Rivet differ, however, from the ones in the case at bar.
 {¶ 7} In Rivet, defendants had filed a motion to transfer a case from state to federal court. Defendants in this case made no such motion. Rather, they moved to dismiss the case altogether.[1]
Additionally, in Rivet, defendants relied on the doctrine of res judicata and claim preclusion because the same issue had been decided previously by a federal court. In the case at bar, the issue of distribution of attorney fees has not been completed. In fact, the federal court expressly reserved jurisdiction over the matter. Rivet, therefore, is not controlling in the case at bar.
 {¶ 8} In their motion to transfer, plaintiffs point out that these same defendants successfully challenged federal preclusion in pedicle screw litigation attorney fees in a suit they brought in a Louisiana state court against several Philadelphia attorneys, which suit alleged non-payment of the contingency fees, as well as libel and slander. At that time, defendants in the case at bar opposed removal to the Philadelphia district court because of lack of subject matter jurisdiction; the federal judge remanded the case back to Louisiana, however, for the reason that the libel and slander claims were state claims.
 {¶ 9} The case at bar contains no state claims. Instead, plaintiffs' only claim is nonpayment of fees owed on the contingency contract. Clearly, this claims falls under the subject matter expressly reserved by the federal court in the ongoing litigation. A federal court properly asserts jurisdiction "to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent[.]" Kokkonen v. Guardian Life Ins. CO. (1994), 511 U.S. 375,397.
 {¶ 10} Because the claims presented in this case are already under the exclusive and continuing subject matter of the case in a federal court, the state common pleas court lacked subject matter jurisdiction to hear the case and properly dismissed it.
Judgment affirmed.
ANNE L. KILBANE, P.J., AND TIMOTHY E. MCMONAGLE, J., CONCUR.
[1] In appeal at bar, defendants filed motions to dismiss the appeal before oral argument. They claimed that O'Shea had abandoned this appeal because he had filed a similar complaint for attorney fees against them in federal court. In his response to their motions, O'Shea denied abandoning his appeal. This panel denied those motions and proceeded with the appeal on its merits.