Sandy L. HENDERSON; Anna Margaret Wicker; Jane Gray; Carmelle L. Hartin, Plaintiffs,

and

Salem–Keiz School District, Intervenor–Appellee,

Gina Santacroce; Richard Mullins; Jacqueline Davis; Jerry Trierweiller; Tim Woolery; Eileen Shaffer, Intervenors–Appellants,

v.

STATE OF OREGON, by and through the Bureau of Labor and the Board of Higher Education; Norman O. Nilsen, Commissioner of Labor; Roy Lieuallen, Dr., Chancellor of the Board of Higher Education; Public Employees Retirement System; Joseph J. Adams; Hugh McKinely; Chalmers L. Jones; Roger S. Meier; Edwin H. Armstrong, in their capacity as members of the Public Employees Retirement Board; Brenda Rocklin, Thomas Grimsley; Michael Pittman; P Eva Kripalani; James Dalton, Defendants–Appellees.

---

46

Sandy L. Henderson; Anna Margaret Wicker; Jane Gray; Carmelle L. Hartin, Plaintiffs,

and

Jacqueline Davis; Jerry Trierweiller; Tim Woolery, Intervenors–Appellees,

Eileen Shaffer; Sawalak Ebner; Richard Mullins; Janice Pitts; Jane Poe; Aimee Yogi, Intervenors–Appellants,

v.

Brenda Rocklin, Thomas Grimsley; Michael Pittman; P Eva Kripalani; James Dalton; State of Oregon; Public Employees Retirement Board, Defendants–Appellees.

Nos. 04–35596, 04–36024.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Oct. 2, 2006.

Henry J. Kaplan, Esq., Gregory A. Hartman, Esq., Bennett, Hartman, Morris & Kaplan, LLP, Portland, OR, for Plaintiffs/Intervenors–Appellees/Intervenors–Appellants.

Jeffrey J. Matthews, Sharon A. Rudnick, Esq., Harrang Long Gary Rudnick, PC, Eugene, OR, for Intervenors–Appellees.

Stephen S. Walters, Esq., Stoel Rives, LLP, James P. Baker, Esq., Townsend Hyatt, Esq., Orrick Herrington & Sutcliffe LLP, Portland, OR, Joseph M. Malkin, Esq., Emily R. Epstein, Esq., Orrick Herrington & Sutcliffe, LLP, San Francisco, CA, for Defendants–Appellees.

Before: SILVERMAN and GOULD, Circuit Judges, and RHOADES,* District Judge.

## MEMORANDUM **

*Santacroce*–Appellants appeal both the district court's grant of summary judgment for *Santacroce*–Appellees, and its denial of their motion to reopen. We affirm. *Ebner*–Appellants appeal both the district court's denial of their motion to reopen and its dismissal as moot of their declaratory judgment action. We affirm in part and reverse in part. *Ebner*–Appellants move to strike the State of Oregon's affidavit not included in either district court record. We grant the motion to strike.

### Factual Background and Procedural History[1]

In August 1974, female employee members of Oregon's Public Employee Retirement System ("PERS"), filed a lawsuit in the United States District Court for the District of Oregon against the State of Oregon and the Public Employees Retirement Board ("PERB") alleging that the use of life expectancy tables by the State of Oregon and PERB to calculate refund annuity allowance benefits of PERS members constituted sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. This litigation resulted in a consent decree, entered by United States District Judge Gus J. Solomon, stating in part that PERB was

> permanently enjoined and restrained from the use of sex-segregated life expectancy tables in calculating "refund annuity" retirement allowances prospectively only for members retiring effective July 1, 1978, and *thereafter, shall provide a monthly "refund annuity" retirement allowance to female members retiring after that date which is identical to the "refund annuity" retirement allowance males of the same age and amount of contributions received prior to that date.*

*Henderson v. State of Oregon*, No. 74–538, Judgment (D.Or. Sept. 20, 1978) ("*Henderson* consent decree") (emphasis added).

On June 10, 2003, PERB adopted actuarial tables that, when applied to female employees, were below the 1978 refund annuity table levels for male retirees. In October 2003, the *Santacroce*–Appellants filed a motion in the United States District Court for the District of Oregon to reopen the original 1974 litigation and a motion for order to show cause why the *Santacroce*–Appellees should not be held in civil contempt for violating the *Henderson* consent decree. The *Santacroce*–Appellants alleged that the *Henderson* consent decree established that beginning on July 1, 1978, all refund annuity tables for female Oregon employees were required to be at least equal to the 1978 male refund annuity tables.

Both parties filed cross motions for summary judgment on the civil contempt motion. On June 10, 2004, the district court denied the *Santacroce*–Appellants' motions for civil contempt and for summary judgment, and granted the *Santacroce*–Appellees' motion for summary judgment. The

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

** The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

1. Because the parties are familiar with the factual and procedural history of this case, we do not recount it in detail here. However, we think it appropriate to describe the prior consent order and the procedural history of the appeals before us.

district court did not interpret the meaning of the consent decree's language, stating instead at oral argument that the *Henderson* consent decree lacked "sufficient clarity" to determine that it created "a floor of rates or benefits that would make the reform legislation in violation of the decree." Transcript of Oral Argument at 46, *Henderson v. State of Oregon,* No. 74–538 (D.Or. June 18, 2004). The district court held that the *Santacroce*–Appellees were not in civil contempt.

On September 16, 2004, two of the *Santacroce* Appellants and four other female Oregon employees (collectively *"Ebner*–Appellants"), filed a motion in the United States District Court for the District of Oregon to reopen the original 1974 litigation and a motion for declaratory relief seeking a declaration of their rights under the *Henderson* consent decree. The *Ebner*–Appellants filed a motion for summary judgment on October 11, 2004.

The district court, without elaboration, denied the *Ebner*–Appellants' motion to reopen and dismissed as moot the *Ebner*–Appellants' motions for declaratory judgment and for summary judgment, by order of October 25, 2004.

The *Santacroce*–Appellants appeal the denial of their motion for civil contempt. The *Ebner*–Appellants appeal the dismissal of their motion for declaratory judgment for mootness. These cases were consolidated for appeal.

### Motion For Civil Contempt

We address first the district court's denial of the *Santacroce*–Appellants' motion for civil contempt.[2]

A consent decree is an injunction. *See Gates v. Shinn,* 98 F.3d 463, 468 (9th

Cir.1996). Like an injunction, if a consent decree "does not clearly describe [the] prohibited or required conduct, it is not enforceable by contempt." *Id.* A consent decree's reasonable specificity serves to give "fair notice" to a party of proscribed conduct to which it has agreed. *See International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967). This protects a party to a consent decree "from obligations to which that party has not agreed." *Gates,* 98 F.3d at 468 n. 3 (citing *United States v. Armour & Co.,* 402 U.S. 673, 681–82, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971)).

When determining if a consent decree was violated, rather than interpreting a consent decree's language or ruling on its enforcement, we examine the four corners of the consent decree itself. *See Armour,* 402 U.S. at 681–82, 91 S.Ct. 1752 (establishing that "the scope of a consent decree must be discerned within its four corners"); *United States v. ITT Cont'l Baking Co.,* 420 U.S. 223, 237–38, 95 S.Ct. 926, 43 L.Ed.2d 148 (1975) (limiting the *Armour* four corner rule to where a court must determine if a consent decree was violated, rather than interpreting a consent decree's language or ruling on its enforcement).

The *Santacroce*–Appellants argue that the *Henderson* consent decree sets the 1978 male retirement allowance tables as a minimum for female employee retirement allowance tables, whereas the *Santacroce*–Appellees contend that the consent decree only states that from July 1, 1978, and thereafter, all employee refund annuity tables must be identical.

The "prior to that date" language of the *Henderson* consent decree to a degree

---

**2.** We review a court's denial of civil contempt for an abuse of discretion. *Irwin v. Mascott,*

370 F.3d 924, 931 (9th Cir.2004).

supports *Santacroce*–Appellants' argument that the consent decree literally established a floor for female employee refund annuity tables. But taken in its context, a Title VII claim of sex discrimination, in which parity on payments to men and women was the goal, the consent order's prohibition might be read only to order PERB to stop using segregated actuarial tables, and from July 1, 1978, onward, to use identical refund annuity tables for women and men.

In the context of a civil contempt proceeding, the concept of notice to the defendants has implications separate from traditional contract interpretation. When a civil contempt proceeding is filed against a defendant, ambiguities in the consent decree's language " 'are resolved in favor of the person subject to the injunction.' " *Clark v. Coye,* 60 F.3d 600, 604 (9th Cir. 1995) (quoting *United States v. Holtzman,* 762 F.2d 720, 726 (9th Cir.1985)). Viewing the language in the *Henderson* consent decree in favor of *Santacroce*–Appellees, we agree with the district court that the consent decree is not sufficiently specific to give notice to PERB that it would violate the consent decree by updating the actuarial tables. *See Gates,* 98 F.3d at 472. There was no abuse of discretion in denying the motion for civil contempt.

## Motion For Declaratory Judgment

■ *Ebner*–Appellants appeal the district court's order dismissing the motion

for declaratory judgment as moot. We review a dismissal for mootness de novo. *See Southern Oregon Barter Fair v. Jackson County, Oregon,* 372 F.3d 1128, 1133 (9th Cir.2004).

We cannot be certain why the district court dismissed the declaratory judgment action as moot because the district court's summary order was unsupported by reasoning or explanation. The *Ebner*–Appellees argue that the declaratory judgment action was moot in light of the ruling on the contempt motion, or that dismissal was otherwise correct in light of claim or issue preclusion.

A case or controversy is moot " 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *City of Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). For the *Ebner*–Appellants' declaratory judgment motion to be moot in the context here, the district court must have already interpreted the *Henderson* consent decree's language. In *Santacroce,* however, we read the transcript of the district court's ruling on civil contempt to indicate that the district court was not making a definitive interpretation of the meaning of the consent decree, but rather was addressing whether there was civil contempt,[3] and that was the only issue addressed in the district court's order.[4]

---

**3.** At one point, the district court said, "what we're talking about here is civil contempt, whether this decree is sufficiently clear to make certain ... that the conduct engaged in ... violates [the consent decree] .... And that's different in deciding what a consent decree means when you're about to modify it or about to impose penalties." Transcript of Oral Argument at 45, *Henderson v. State of Oregon,* No. 74–538 (D.Or. June 18, 2004). At another point, the district court said, "even

considering extrinsic evidence in light of whether there is civil contempt, *as opposed to in light of what the decree actually means,* I find that it would not be civil contempt for what the reform legislation has done in light of the document itself." *Id.* at 47 (emphasis added).

**4.** The order entered by the district court reads: "The court finds that Judge Solomon's consent decree is insufficiently specific and definite to support a finding of civil contempt,

We decline to interpret the spare orders issued by the district court in *Ebner*, and the court's ambiguous language on the transcript of the hearing of the *Santacroce* civil contempt oral argument, to constitute a declaratory judgment on the meaning of the *Henderson* consent decree. We conclude that the *Ebner*-Appellants' claim seeking a declaratory judgment is not moot.

■ Also, the *Ebner*-Appellants' claim is not precluded by either claim or issue preclusion. As for the issue of claim preclusion, it "bars further claims by parties or their privies based on the same cause of action." *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 (9th Cir.2005) (citation omitted). It prevents relitigation of issues that were or could have been raised in an earlier action. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). The elements necessary to establish claim preclusion are: " '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.' " *Id.* at 1052 (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir.2003)).

Applying these principles, we conclude that the element of privity is not satisfied.

Although *Ebner*-Appellants Shaffer and Mullins are parties to both the *Santacroce* and *Ebner* litigation, *Ebner*-Appellants Ebner, Pitts, Poe, and Yogi are only parties to the *Ebner* litigation. They could neither have brought a declaratory judgment action in *Santacroce*, nor are they in privity with the *Santacroce* Appellants who could have done so.[5] Therefore, we hold that the claims of *Ebner*-Appellants Ebner, Pitts, Poe, and Yogi are not barred by claim preclusion.

■ We next address issue preclusion, which may arise "once an issue is actually litigated and necessarily determined." *U.S. v. ITT Rayonier, Inc.*, 627 F.2d 996, 1000 (9th Cir.1980). This doctrine prevents relitigation between the same parties on an issue that was actually litigated. Here, the *Santacroce*-Appellants filed a motion for civil contempt, attempting to find the *Santacroce*-Appellees in violation of the consent decree. The *Ebner*-Appellants filed a motion for declaratory judgment, seeking a declaration of the meaning of the consent decree's language. A civil contempt claim differs from a declaratory judgment action. In a declaratory judgment action the court declares "the rights and obligations of [the] litigants," (10B CHARLES ALAN WRIGHT, ARTHUR R. MILLER &

---

as discussed in greater detail at oral argument" *Santacroce v. State of Oregon*, No. 74–538, Order (D. Or. June 10, 2004). The order does not by its terms give a declaration of the meaning of the *Henderson* consent decree.

5. Privity exists when a person is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Headwaters*, 399 F.3d at 1052–53 (citations omitted). Here, the *Ebner*-Appellants did not have control over the *Santacroce*-Appellants and were not representatives of the *Santacroce*-Appellants, so no privity exists in a classical sense. However, the *Ebner*-Appellees also argue that "virtual privity" exists. Although a " 'close relationship, substantial par-

ticipation, and tactical maneuvering' " between the parties supports a finding of virtual privity, " 'identity of interests and adequate representation are necessary to such a finding.' " *Headwaters*, 399 F.3d at 1053–54 (quoting *Irwin v. Mascott*, 370 F.3d 924, 930 (9th Cir.2004)). The representation involved in pressing a civil contempt motion is different from what is involved in bringing a declaratory judgment action. In the former, a litigant argues that the language of the consent decree is unambiguous, whereas in the latter action, the party contests the meaning of that language and seeks a definitive interpretation. We conclude that virtual privity does not exist.

MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2751 (3d ed.2005)), but a contempt proceeding's purpose is rather to "uphold the power of the court, and also to secure to suitors therein the rights by it awarded." *Penfield Co. of California v. S.E.C.*, 330 U.S. 585, 594, 67 S.Ct. 918, 91 L.Ed. 1117 (1947) (citations omitted). A claim seeking to have a party held in civil contempt of a consent decree is not the same as a claim that seeks to have a party's rights under a consent decree declared. We hold that the district court did not reach a final judgment on the meaning of the *Henderson* consent decree, and the earlier ruling does not foreclose the issue of interpretation.

### Motions To Reopen

█ The *Santacroce*–Appellants and the *Ebner*–Appellants appeal the district courts's denial of their motion to reopen.[6]

There is no Federal Rule of Civil Procedure or federal statutory rule that required Appellants in either case to file a motion to reopen.[7] Because a consent decree is an injunction, a district court retains supervisory jurisdiction to enforce its judgments. *Hook v. Arizona, Dep't of Corrections,* 972 F.2d 1012, 1014 (9th Cir. 1992) ("A district court retains jurisdiction to enforce its judgments, including consent decrees."). Having jurisdiction, the district court had authority to address the *Santacroce*–Appellants' motion for civil contempt and the *Ebner*–Appellants' motion for declaratory judgment. The district court did not abuse its discretion in denying both of Appellants' motions to re-

open, which were not needed to invoke the district court's continuing jurisdiction over the consent order.

### Motion To Strike

█ The State of Oregon attached an affidavit, not included in the *Ebner* or *Santacroce* district court record, to its answering brief in *Ebner*. The *Ebner*–Appellees ask us to take judicial notice of the affidavit in connection with the legal argument concerning virtual privity above reviewed. *See supra,* note 5. We decline to do so and grant the *Ebner*–Appellants' motion to strike.

The *Ebner*–Appellees' affidavit is not part of the district court record. A party generally may not add to or enlarge the record on appeal to include material that was not before the district court. *Lowry v. Barnhart,* 329 F.3d 1019, 1024 (9th Cir. 2003). Although this Court, under FED. R. EVID. 201, may take judicial notice of adjudicative facts, the *Ebner*–Appellees present no precedent to support the notion that we should take judicial notice, not of other courts' proceedings, but of an affidavit filed in another courts' proceedings. It is rarely appropriate for us to take judicial notice of matters outside the record. *Yagman v. Republic Ins.,* 987 F.2d 622, 626 n. 3 (9th Cir.1993). Moreover, adjudicative facts appropriate for judicial notice are typically different from facts found in affidavits supporting litigation positions, which often present facts subject to dispute. Accordingly, we conclude that we must refrain from taking judicial notice of

---

6. We normally review a denial of a motion to reopen for abuse of discretion. *See Fishing Co. of Alaska, Inc. v. United States,* 333 F.3d 1045, 1046 (9th Cir.2003) (administrative record); *In re Staffer,* 306 F.3d 967, 971 (9th Cir.2002) (bankruptcy court). However, as explained above, a motion to reopen was not

needed to invoke the district court's jurisdiction over its prior consent order.

7. Appellants do not argue that a reason exists to reopen the consent decree, such as fraud or mistake, under Federal Rule of Civil Procedure 60(b). *See* F.R.CIV.P. 60(b).

the challenged affidavit, and we grant the *Ebner*-Appellants' motion to strike.

## Conclusion

We **AFFIRM** the denial of civil contempt in *Santacroce* and the dismissal of both Appellants' motions to reopen; we **GRANT** Appellants' motion to strike in *Ebner*; and we **REVERSE** the dismissal of the motion for declaratory judgment and **REMAND** for further proceedings consistent with this memorandum disposition. Costs on the *Santacroce* appeal shall be awarded to Appellees. Costs on the *Ebner* appeal shall be borne equally by the parties.