**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMAUL MONK,<br><br>        Petitioner - Appellant,<br><br>v.<br><br>TERRI GONZALEZ, Warden,<br><br>        Respondent - Appellee. | No. 10-55786<br><br>D.C. No. 2:10-cv-01446-RSWL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Court Judge, Presiding

Argued and Submitted on June 3, 2014.
San Francisco, California

Before:  TROTT and CALLAHAN, Circuit Judges, and BENNETT, District

Judge.**

Jamaul Monk was convicted in 2005 of the gang-related shooting of Darryl

Bell in 2003, which left Bell paralyzed from the neck down.  Bell identified Monk

---

  [1]*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [1]**    The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

as the shooter, both before and during Monk's two trials, the first of which ended in a hung jury. Bell died prior to Monk's sentencing in 2006.

In 2010, Monk filed a *pro se* Petition For Writ Of Habeas Corpus By A Person In State Custody pursuant to 28 U.S.C. § 2254 (§ 2254 Petition). The district court dismissed Monk's § 2254 Petition as untimely, rejecting Monk's argument that his "actual innocence" opened the gateway to consideration of his untimely claims, pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995). Monk appealed. Monk was granted a certificate of appealability, *see* 28 U.S.C. § 2253(c)(3), with respect to the following issue: "[W]hether appellant has made a credible claim of actual innocence which excuses his untimely filing [of his § 2254 Petition]." We affirm dismissal of Monk's § 2254 Petition as untimely.

1. We must first determine what record we may consider on appeal. The respondent has moved to strike Monk's excerpts of record and brief on appeal, on the ground that they contain numerous materials and arguments that were not before the district court when it dismissed Monk's § 2254 Petition. Monk asserts that consideration of his additions is "mandatory" in an actual innocence case and that we may take judicial notice of his additions in this case. We grant the respondent's motion to strike and deny Monk's request that we consider his additions to the record.

2

The general rule is that we will only consider on appeal those matters that were, in fact, *presented to* the district court. *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595 (9th Cir. 2002); *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003); Fed. R. App. P. 10. This court's decision in *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011) (en banc), on which Monk relies, does not make consideration of the additional materials that Monk has offered in support of his actual innocence claim "mandatory." *See also Lowry*, 329 F.3d at 1024 (recognizing a "mandatory" consideration exception). In *Lee*, we were not presented with any evidence that had not been considered by the district court. *Compare Lee*, 653 F.3d at 943 (identifying the "new" evidence), *with Lee v. Lampert*, 607 F. Supp. 2d 1204, 1217 (D. Or. 2009) (same). Thus, when we stated, "The habeas court [must] 'consider[ ] all the evidence, old and new, incriminating and exculpatory,' admissible at trial or not," to decide an actual innocence claim, *Lee*, 653 F.3d at 938 (quoting *House v. Bell*, 547 U.S. 518, 538 (2006)), we meant all of the evidence, old and new, put before the federal district court. We plainly did not mean any and all evidence, old or new, that the petitioner might ever discover or that had never been presented to the court below.

Nor is taking judicial notice of the additions appropriate here. *See Lowry*, 329 F.3d at 1024 (also recognizing a "judicial notice" exception). The transcripts,

affidavits, and interview statements on which Monk relies contain disputed factual allegations, do not allow the ready determination of those factual disputes, may be self-serving, and may contain hearsay. *See Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011) (transcripts); *Henderson v. Oregon*, 203 F. App'x 45, 52 (9th Cir. 2006) (affidavits and statements). Also, "the district court has not had an opportunity to consider [documents issued only after its decision], and the parties' [new] arguments are not developed against the district court decision." *Ctr. for Bio-Ethical Reform, Inc. v. City & County of Honolulu*, 455 F.3d 910, 919 n.3 (9th Cir. 2006). Finally, Monk's new arguments rely on additions to the factual record beyond what the parties had developed below; to the extent that they rely on the factual record that was developed in the state trial court, they do so in a way that was not developed in the federal district court below; and consideration of those arguments would prejudice the respondent, who has not had the opportunity to develop the record below. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004).

**2.a.** We answer "no" to the question, has Monk made a credible claim of actual innocence that excuses his untimely filing of his § 2254 Petition? Monk must support his actual innocence claim with "'new reliable evidence'" that was not presented at trial. *Lee*, 653 F.3d at 938 (quoting *Schlup*, 513 U.S. at 324). The

4

only "new" evidence properly before us is the 2008 affidavit of Juan Rayford. Monk contends that he only discovered that Rayford had pertinent information when they were both serving time at the same prison. Monk does not meet the "exacting standard" to show that this is an "extraordinary case" in which it is probable that "'reasonable, properly instructed jurors'" would acquit him in light of Rayford's affidavit. *Id.* (quoting *House*, 547 U.S. at 538); *accord McQuiggin v. Perkins*, ___ U.S. ___, ___, 133 S. Ct. 1924, 1928 (2013). Rayford's affidavit is remote in time from the actual events it purports to describe, and there are no other indicia of reliability, trustworthiness, or credibility to the affidavit. Specifically, Rayford is serving sentences for multiple felony convictions; his affidavit is short, conclusory, and lacking in details; his central assertion, that Bell told him someone other than Monk shot Bell, is untrustworthy hearsay; the affidavit contradicts both the evidence at Monk's second trial and Monk's own representations on this appeal, specifically about whether B.I.G. and 2-1 were rival gangs; and Rayford's affidavit is contrary to Bell's repeated identifications of Monk as the shooter.

**b.** Even if we were to consider all of the materials and arguments that Monk offers on appeal, including a second affidavit, by Jermaine Marshall, the result would be the same. Marshall's 2011 affidavit, like Rayford's, is untrustworthy hearsay about what Bell purportedly told Marshall about the

5

shooting, and it is remote in time from the actual events it purports to describe. Also, neither Rayford nor Marshall offered his affidavit about what Bell purportedly told him until Bell was conveniently dead. Thus, the "new" affidavits by Marshall and Rayford are not probative of Monk's actual innocence.[1]

Monk relies on other purportedly new evidence in support of his actual innocence claim, consisting of transcripts, affidavits, and interview statements. This evidence is insufficient, because it depends upon disputed testimony and disputed inferences known to Monk at the time of his second trial and disputed inferences from unreliable evidence. *See Lee*, 653 F.3d at 938; *Reina-Rodriguez*, 655 F.3d at 1193; *Henderson*, 203 F. App'x at 52. Thus, it is not sufficient to meet the "exacting standard" to show that this is an "extraordinary case" in which "'it is more likely than not that no reasonable juror would have convicted [Monk] in light

---

[1] In his additional citations, Monk relies on our recent decision in *Clark v. Cate*, ___ F. App'x ___, No. 11-55646, 2014 WL 2922654, *2 (9th Cir. June 27, 2014), as demonstrating the sufficiency of his "new evidence." His reliance is misplaced. In *Clark*, not only did the defendant's wife report that a "reluctant" trial witness had recanted his identification of the defendant at trial just a month after the defendant's sentencing, but the witness himself signed two affidavits recanting his trial testimony within two years of the defendant's sentencing. Thus, the witness's "multiple recantations of his trial testimony present[ed] a compelling claim of actual innocence" in *Clark*. In contrast, the unreliable hearsay reports here—that Bell told others that Monk was not the shooter—surfaced only after Bell died and are far from compelling.

of the new evidence.'" *Lee*, 653 F.3d at 938 (quoting *Schlup*, 513 U.S. at 327);

*accord McQuiggin*, ___ U.S. at ___, 133 S. Ct. at 1928.

**AFFIRMED.**