Mary Anna RIVET, et al., Petitioners,

v.

REGIONS BANK OF LOUISIANA et al.
No. 96–1971.

Argued Jan. 21, 1998.

Decided Feb. 24, 1998.

John G. Odom, Savannah, GA, for petitioners.

Charles L. Stern, Jr., New Orleans, LA, for respondents.

For U.S. Supreme Court briefs, see:

1997 WL 702993 (Pet.Brief)

1997 WL 769468 (Resp.Brief)

1998 WL 4677 (Reply.Brief)

JUSTICE GINSBURG delivered the opinion of the Court.

Congress has provided for removal of cases from state court to federal court when the plaintiff's complaint alleges a claim arising under federal law. Congress has not authorized removal based on a defense or anticipated defense federal in character. This case presents the question whether removal may be predicated on a defendant's assertion that a prior federal judgment has disposed of the entire matter and thus bars plaintiffs from later pursuing a state-law-based case. We reaffirm that removal is improper in such a case. In so holding we clarify and confine to its specific context the Court's second footnote in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397, n. 2, 101 S.Ct. 2424, 2427, n. 2, 69 L.Ed.2d 103 (1981). The defense of claim preclusion, we emphasize, is properly made in the state proceeding, subject to this Court's ultimate review.

I

This case arose out of a series of mortgages and conveyances involving a parcel of real property in New Orleans. In 1983, a partnership that owned the Louisiana equivalent of a leasehold estate in the property mortgaged that interest to respondent Regions Bank of Louisiana (Bank).[1] One year later,

---

1. The events leading to this lawsuit actually involved two predecessors of Regions, First Feder-

to secure further borrowing, the partnership granted a second mortgage to petitioners Mary Anna Rivet, Minna Ree Winer, Edmund G. Miranne, and Edmund G. Miranne, Jr. The partnership thereafter filed for bankruptcy, and the bankruptcy trustee sought court permission to sell the leasehold estate free and clear of all claims.

In June and August 1986 orders, the Bankruptcy Court first granted the sale application and later approved sale of the leasehold estate to the Bank, sole bidder at the public auction. The court also directed the Recorder of Mortgages for Orleans Parish to cancel all liens, mortgages, and encumbrances, including the mortgages held by the Bank and petitioners. Nonetheless, petitioners' mortgage remained inscribed on the mortgage rolls of Orleans Parish. Subsequently, in 1993, the Bank acquired the underlying land from respondents Walter L. Brown, Jr., and Perry S. Brown. The Bank then sold the entire property to the current owner, respondent Fountainbleau Storage Associates (FSA).

On December 29, 1994, petitioners filed this action in Louisiana state court. They alleged that the 1993 transactions violated Louisiana law because the property was transferred without satisfying petitioners' superior rights under the second mortgage. In their prayer for relief, petitioners sought recognition and enforcement of their mortgage or, alternatively, damages. Respondents removed the action to the District Court for the Eastern District of Louisiana. Federal-question jurisdiction existed, they contended, because the prior Bankruptcy Court orders extinguished petitioners' rights under the second mortgage.

In federal court, petitioners filed a motion to remand and respondents moved for summary judgment. The District Court denied the remand motion. Relying on the Fifth Circuit's decision in *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362 (1995), the District Court held that removal was properly predicated on the preclusive effect of the 1986 Bankruptcy Court orders. The Court then granted summary judgment to the Bank and FSA on the ground that the Bankruptcy Court's adjudication barred petitioners' suit. The District Court also granted summary judgment to the Browns, ruling that petitioners failed to state a claim against them.

The Fifth Circuit affirmed. 108 F.3d 576 (1997). It agreed with the District Court that under *Carpenter* a defendant could remove " 'where a plaintiff files a state cause of action completely precluded by a prior federal judgment on a question of federal law.' " 108 F.3d, at 586 (quoting *Carpenter*, 44 F.3d, at 370). *Carpenter 's* holding, the Court of Appeals thought, was dictated by the second footnote to our decision in *Moitie*, 452 U.S., at 397, n. 2, 101 S.Ct., at 2427 n. 2.

In dissent, Judge Jones maintained that removal is appropriate under *Moitie* only where a plaintiff loses in federal court on an "essentially federal" claim and, recharacterizing the claim as one based on state law, files again in state court. 108 F.3d, at 594. She concluded that removal here was improper because there was nothing federal about petitioners' claim.

The circuit courts have adopted differing views regarding the propriety of removing a state court action to federal court on the ground that the claim asserted is precluded by a prior federal judgment.[2] We granted certiorari, 521 U.S. ——, 118 S.Ct. 31, 138 L.Ed.2d 1060 (1997), to resolve the matter.

al Bank and Secor Bank. For ease of discussion, we use the name Regions Bank to cover all three entities.

**2.** Compare *In re Brand Name Prescription Drugs,* 123 F.3d 599, 612 (C.A.7 1997) (removal is allowed where "sole basis for filing a state suit is to get around ... a federal judgment"), cert. pending *sub nom. Abbott Labs* v. *Huggins,* No. 97–775; and *Ultramar America, Ltd. v. Dwelle,* 900 F.2d 1412, 1415–1417 (C.A.9 1990) (removal permitted "where a plaintiff files state claims after a federal judgment has been entered ... on essentially the same claims," provided the federal judgment sounds in federal law), with *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754, 759–761 (C.A.2 1986) (removal under *Moitie* permitted only where the elements of a plaintiff's state-law claim are virtually identical to the elements of a federal claim the plaintiff previously elected to file in federal court).

## II

### A

A state court action may be removed to federal court if it qualifies as a "civil action ... of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. 28 U.S.C. § 1441(a). In this case, respondents invoked, in support of removal, the district courts' original federal-question jurisdiction over "[a]ny civil action ... founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331.

We have long held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); see also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). A defense is not part of a plaintiff's properly pleaded statement of his or her claim. See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987); *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Thus, "a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983).

Allied as an "independent corollary" to the well-pleaded complaint rule is the further principle that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Id.*, at 22, 103 S.Ct., at 2853. If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim. See *Metropolitan Life Ins. Co.*, 481 U.S., at 65–66, 107 S.Ct., at 1547–1548 (upholding removal based on the preemptive effect of § 502(a)(1)(B) of the Employee Retirement Income Security Act); *Avco Corp. v. Machinists*, 390 U.S. 557, 560, 88 S.Ct. 1235, 1237, 20 L.Ed.2d 126 (1968) (upholding removal based on the preemptive effect of § 301 of the Labor Management Relations Act). Although federal preemption is ordinarily a defense, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S., at 393, 107 S.Ct., at 2430.

### B

Petitioners' complaint sought recognition and enforcement of a mortgage. The dispute involved Louisiana parties only, and petitioners relied exclusively on Louisiana law. Respondents defended their removal of the case from state court to federal court on the ground that petitioners' action was precluded, as a matter of federal law, by the earlier Bankruptcy Court orders. We now explain why the removal was improper.

Under the doctrine of claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Moitie*, 452 U.S., at 398, 101 S.Ct., at 2428; see also *Baker v. General Motors Corp.*, 522 U.S. ——, ——, n. 5, 118 S.Ct. 657, 664, n. 5, 139 L.Ed.2d 580 (1998) ("a valid final adjudication of a claim precludes a second action on that claim or any part of it"). Claim preclusion (res judicata), as Rule 8(c) of the Federal Rules of Civil Procedure makes clear, is an affirmative defense. See also *Blonder-Tongue Laboratories, Inc. v. University of*

*Ill. Foundation,* 402 U.S. 313, 350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788 (1971) ("Res judicata and collateral estoppel [issue preclusion] are affirmative defenses that must be pleaded.") (italics omitted).

A case blocked by the claim preclusive effect of a prior federal judgment differs from the standard case governed by a completely preemptive federal statute in this critical respect: The prior federal judgment does not transform the plaintiff's state-law claims into federal claims but rather extinguishes them altogether. See *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) ("The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment."). Under the well-pleaded complaint rule, preclusion thus remains a defensive plea involving no recasting of the plaintiff's complaint, and is therefore not a proper basis for removal.

In holding removal appropriate here, the Court of Appeals relied on a footnote—the second one—in our *Moitie* opinion. The Fifth Circuit is not alone in concluding from the *Moitie* footnote that removal properly may rest on the alleged preclusive effect of a prior federal judgment. See n. 2, *supra.* The *Moitie* footnote, however, was a marginal comment and will not bear the heavy weight lower courts have placed on it.

We granted certiorari in *Moitie* principally to address the Ninth Circuit's "novel exception to the doctrine of res judicata." 452 U.S., at 398, 101 S.Ct., at 2427. In that case, several actions alleging price-fixing by department stores in California were consolidated in federal court and dismissed. Most of the plaintiffs appealed and obtained a reversal, but two chose instead to file separate claims in state court. The defendants removed the actions to federal District Court, where plaintiffs unsuccessfully moved to remand and defendants successfully moved to dismiss the actions on preclusion grounds. The Court of Appeals for the Ninth Circuit

agreed that removal was proper, but held that preclusion did not apply in the unique circumstances of the case. 611 F.2d 1267 (1980).

In the course of reversing the Ninth Circuit's holding on preclusion, we noted, without elaboration, our agreement with the Court of Appeals that "at least some of the claims had a sufficient federal character to support removal." 452 U.S., at 397, n. 2, 101 S.Ct., at 2427, n. 2. In that case-specific context, we declined to "question ... [the District Court's] factual finding" that the plaintiffs "had attempted to avoid removal jurisdiction by artfully casting their essentially federal[-]law claims as state-law claims." *Ibid.* (internal quotation marks omitted).

"*Moitie*'s enigmatic footnote," *Rivet,* 108 F.3d, at 584, we recognize, has caused considerable confusion in the circuit courts. We therefore clarify today that *Moitie* did not create a preclusion exception to the rule, fundamental under currently governing legislation, that a defendant cannot remove on the basis of a federal defense.

In sum, claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b). Such a defense is properly made in the state proceedings, and the state courts' disposition of it is subject to this Court's ultimate review.[3]

\* \* \*

For the foregoing reasons, the judgment of the Court of Appeals for the Fifth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

It is so ordered. ·

---

**3.** We note also that under the relitigation exception to the Anti–Injunction Act, 28 U.S.C. § 2283, a federal court may enjoin state-court proceedings "where necessary ... to protect or effectuate its judgments." *Ibid.*