United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3092MN

_____

National Association for the     *
Advancement of Colored People,     *
Minneapolis Branch on behalf of     *
themselves and all others similarly     *
situated; Bryston Hill, by his next friend     *
Lisa Hill; Sophie Krahnke, by her next     *
friends Steven Krahnke and Jane     *
McLeod; Miquel McElroy, by his next     *
friend Annie Pearl McElroy; Gregory     *
McFarland, by his next friend Linda     *
McFarland; Solveig Mebust; Anna     *
Mebust, by their next friends Bruce     *   On Remand from the Supreme Court
Lynn Mebust and Kirsten Ann Scribner     *   of the United States.
Mebust; Diamond Porter, by his next     *
friend Jamie Porter,     *
    *
         Appellants,     *
    *
      v.     *
    *
Metropolitan Council, a Public Body     *
Corporate and Politic,     *
    *
         Appellee.     *

_____

Filed: May 29, 1998

_____

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

_____

FAGG, Circuit Judge.

Our earlier opinion in this case contained two independent rulings. First, we held the district court properly used its power under the All Writs Act to take jurisdiction over state-law claims filed in Minnesota state court that threatened the integrity of an earlier federal consent decree. See NAACP, Minneapolis Branch v. Metropolitan Council, 125 F.3d 1171, 1173-74 (8th Cir. 1997) (NAACP). Second, we affirmed the district court's later grant of the Metropolitan Council's motion to dismiss those claims as precluded by an earlier federal judgment. See id. at 1174-75. In Rivet v. Regions Bank of Louisiana, 118 S. Ct. 921 (1998), the Supreme Court held that Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981), did not authorize the removal of state-law claims to federal court based on an affirmative defense of claim preclusion. The Supreme Court then vacated and remanded our decision in NAACP for further consideration in light of Rivet. See NAACP v. Metropolitan Council, 118 S. Ct. 1162 (1998). Because we upheld the district court's decision to take jurisdiction of the state-law claims in NAACP based on the All Writs Act, not on Moitie or claim preclusion, we conclude our decision is not at odds with the Court's holding in Rivet. Thus, we reinstate our earlier decision and again affirm the district court.

At issue in Rivet was the power of federal courts to exercise federal-question removal jurisdiction under the artful pleading doctrine articulated in Moitie, 452 U.S. at 397 n.2, based on a removing party's contention the removed state-law claim is precluded by an earlier federal judgment. In Moitie, seven plaintiffs filed federal antitrust actions in federal district court. The consolidated suits were dismissed for lack of standing. Two of the plaintiffs, Moitie and Brown, refiled in state court, basing their claims exclusively on state law. The defendants removed these lawsuits to federal district court, which denied Moitie's and Brown's motion to remand and dismissed their claims as precluded by the earlier judgment. See id. at 395-97. On appeal, the Ninth Circuit upheld the district court's removal jurisdiction, see id. at 397 n.2, but reversed its res judicata ruling, see id. at 397. The Supreme Court then reversed the

Ninth Circuit on the res judicata issue, see id. at 402, but agreed "at least some of [Moitie's and Brown's state-law] claims had a sufficient federal character to support removal," id. at 397 n.2. The Court declined to question the district court's factual finding that Moitie and Brown "had attempted to avoid removal jurisdiction by 'artful[ly]' casting their 'essentially federal law claims' as state-law claims." Id. (alteration and internal quotations in original).

After Moitie the circuit courts attempted to determine what it is that gives a state-law claim a sufficiently federal character to warrant removal under footnote two of the Court's opinion. Some circuits found the necessary federal character in the federal law of claim preclusion. On this view, Moitie authorizes removal "where a plaintiff files a state cause of action completely precluded by a prior federal judgment on a question of federal law." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 370 (5th Cir. 1995); accord In re Brand Name Prescription Drugs Antitrust Litig., 123 F.3d 599, 612 (7th Cir. 1997) (removal allowed under Moitie where "the sole basis for filing a state suit is to get around . . . a federal judgment"), cert. denied sub nom. Abbott Lab. v. Huggins, 118 S. Ct. 1178 (1998); Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1376 (9th Cir. 1987) (holding Moitie permits removal only "of state claims precluded by the res judicata effect of a federal judgment"); Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1415 (9th Cir. 1990) (clarifying that the earlier federal judgment must have resolved questions of federal law). The Second Circuit took a different approach to Moitie's artful pleading doctrine, emphasizing choice of forum. See Travelers Indem. Co. v. Sarkisian, 794 F.2d 754, 757-61 (2d Cir. 1986). Noting that preclusion-based removal "would seem to violate the well-established rule that removal jurisdiction may not rest on a federal defense," id. at 761 n.10, the Second Circuit held Moitie authorizes removal where a plaintiff first elects to bring a federal claim in federal court, and then files in state court a state-law claim whose elements are virtually identical to those of the earlier federal claim, see id. at 760-61. In the Second Circuit's view, footnote two in Moitie stands for the proposition that a plaintiff who

elects to proceed in federal court "[is] not free to abuse the dual court system" by later refiling a practically identical lawsuit in state court, artfully pled under state law. Id. at 761.

Recognizing "Moitie's enigmatic footnote . . . has caused considerable confusion in the circuit courts," Rivet, 118 S. Ct. at 926 (internal quotations omitted), the Supreme Court in Rivet clarified the footnote. Rivet concerned a state-law-based property dispute filed in state court after a federal Bankruptcy Court had issued orders concerning the same parcel of property. See id. at 924. Relying on federal claim preclusion, the Rivet defendants removed the state-court action to federal district court, which denied the plaintiffs' motion to remand and granted the defendants' cross-motion for summary judgment. See id. The district court based both of its rulings on the claim-preclusive effect of the Bankruptcy Court's orders. See id. Unlike in NAACP, where we upheld under the All Writs Act the district court's jurisdiction over state-law claims that threatened the integrity of a federal consent decree the court was supervising, the Fifth Circuit in Rivet affirmed the district court's removal jurisdiction "under the artful pleading exception to the well-pleaded complaint doctrine," Rivet v. Regions Bank of Louisiana, F.S.B., 108 F.3d 576, 589 (5th Cir. 1997), because the removed state-law claim was "'completely precluded by a prior federal judgment on a question of federal law,'" id. at 586 (quoting Carpenter, 44 F.3d at 370). The Supreme Court disagreed with the Fifth Circuit's decision, holding "removal is improper in such a case." See Rivet, 118 S. Ct. at 923. Claim preclusion, the Court pointed out, is an affirmative defense, and "'a case may not be removed to federal court on the basis of a federal defense.'" Id. at 925 (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 14 (1983)). The Court made clear that "Moitie did not create a preclusion exception to [this] rule." Id. at 926.

On remand, the NAACP contends that a defense of claim preclusion served as the basis for removal in this case, so Rivet requires us to remand the case to state court. We disagree. In NAACP we affirmed the district court's decision to take jurisdiction

over state-law claims based on the All Writs Act, not on claim preclusion, and we expressly declined to decide whether the claims were removable under Moitie's artful pleading doctrine. See NAACP, 125 F.3d at 1173-74. To review, NAACP started out as a state-law-based class action brought against numerous defendants in Minnesota state court. The NAACP and a class consisting of all Minneapolis public school students (collectively the students) claimed violations of the Education and Equal Protection Clauses of the Minnesota Constitution. The students' claims against one of the defendants, the Metropolitan Council (Met Council), all had to do with housing-related policies and practices. Just six months earlier, however, the Met Council had bound itself to make specific changes in those policies and practices under a federal consent decree (the Hollman decree). The Hollman decree concluded an earlier Fair Housing Act lawsuit brought by the NAACP and a class some of whose members also belonged to the student class. Under the terms of the Hollman decree, the parties agreed not to relitigate "any matters alleged in this action," and the District Court for the District of Minnesota retained jurisdiction to supervise compliance until the year 2002. See id. at 1172-73.

When the NAACP suit was filed in state court, the Met Council removed the case to the District Court for the District of Minnesota. On the students' motion, the district court remanded to state court the claims against all the defendants except the Met Council. The district court based its jurisdiction over the students' claims against the Met Council on two grounds: the All Writs Act, 28 U.S.C. § 1651(a) (1994), and Moitie's footnote two. See NAACP, 125 F.3d at 1172. Although we did not mention it in our earlier opinion, the district court followed the Second Circuit's forum-election approach to Moitie, not the claim-preclusion approach the Supreme Court rejected in Rivet. The Met Council then filed a motion to dismiss the students' claims as precluded by Hollman, which the district court granted. See id. On appeal, we held the district court properly exercised jurisdiction under the All Writs Act. See id. at 1173-74. "Because we conclude removal was proper under the All Writs Act," we added, "we need not determine whether removal was also warranted under the artful

pleading doctrine." Id. at 1174. We also affirmed the district court's separate claim-preclusion ruling. See id. at 1174-75. Considering the district court did not base removal on Hollman's preclusive effect, we conclude our opinion in NAACP affirming that ruling is not contrary to the Court's holding in Rivet.

In summary, agreeing with the Second, Sixth, and Seventh Circuits, see id. at 1173-74, we upheld the district court's exercise of removal jurisdiction under the All Writs Act "'to effectuate and prevent the frustration of orders [the district court] ha[d] previously issued in its exercise of jurisdiction otherwise obtained,'" id. at 1173 (quoting United States v. New York Tel. Co., 434 U.S. 159, 172 (1977)). The Third Circuit also shares our view, see Davis v. Glanton, 107 F.3d 1044, 1047 n.4 (3d Cir.), cert. denied, 118 S. Ct. 159 (1997), as does the concurrence in the one appellate decision that disagrees with us, see Hillman v. Webley, 115 F.3d 1461, 1470 (10th Cir. 1997) (Kelly, Jr., J., concurring in result). Simply put, we concluded the district court's power to do what it did in NAACP flowed from its ongoing supervisory jurisdiction under the Hollman consent decree. Repeating this conclusion, we emphasize "the All Writs Act is not a jurisdictional blank check [that] district courts may use whenever they deem it advisable." Ivy v. Diamond Shamrock Chems. Co. (In re Agent Orange Prod. Liab. Litig.), 996 F.2d 1425, 1431 (2d Cir. 1993); see also Pennsylvania Bureau of Correction v. United States Marshals Serv., 474 U.S. 34, 43 (1985) ("Although [the All Writs] Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate."). Finally, we recognize the Supreme Court in Rivet noted that a federal court may protect its judgments by enjoining state-court proceedings under the relitigation exception to the Anti-Injunction Act. See Rivet, 118 S. Ct. at 926 n.3. We mentioned the relitigation exception in our opinion, see NAACP, 125 F.3d at 1174, but that exception was not involved in our decision because none of the parties made it an issue in the case. The NAACP asked this court to decide whether the district court could use the All Writs Act to protect its

consent decree, and we concluded it could. Footnote three in <u>Rivet</u> points out another procedural option, but we do not read footnote three to rule out the one we approved.

Because this court's holding in <u>NAACP</u> is not at odds with <u>Rivet</u>, we reinstate our opinion reported at 125 F.3d 1171 and again affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.