151 F.3d 1033
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph SALTER, Plaintiff-Appellant,
v.
MELLON MORTGAGE COMPANY, a wholly owned subsidiary of Mellon
National Bank, and Cook County Sheriff's
Department, Defendants-Appellees.
 No. 97-4018.
 United States Court of Appeals, Seventh Circuit.
 Submitted August 10, 1998.*
Decided Aug. 12, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 97 C 4586 Suzanne B. Conlon, Judge.
 Before Hon. WALTER J. CUMMINGS, Hon. ILANA DIAMOND ROVNER, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Joseph Salter alleges that Mellon Mortgage Company (Mellon) continued trying to evict him after accepting money he offered as an accord and satisfaction to end foreclosure proceedings against his house. Salter asked that the district court declare that Mellon had released all claims against him pursuant to their "accord and satisfaction," enjoin Mellon or the Cook County sheriff from evicting him, order Mellon to give him free and clear title to the property, and order "such further relief that is lawfully and equitably warranted." The district court dismissed the complaint in a summary order, and responding to Salter's motion for reconsideration, explained that it lacked jurisdiction over the complaint, and that even if there had been jurisdiction, an order staying the state foreclosure proceedings would violate the Anti-Injunction Act, 28 U.S.C. § 2283. Salter appeals,[1] arguing that the district court has jurisdiction over the case. Because the district court has no jurisdiction over the complaint, we affirm.
 
 
 2
 Salter's complaint alleges federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367. However, the complaint alleges no violations of any federal fights or statutes, and thus there is no federal question jurisdiction. See Rivet v. Regions Bank of Louisiana, 522 U.S. 470, ----, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998). Moreover, a court otherwise without jurisdiction cannot exercise supplemental jurisdiction over state law claims. See 28 U.S.C. § 1367(a) (granting supplemental jurisdiction over state law claims "in any civil action of which the district courts have original jurisdiction"). On appeal, Salter argues that diversity jurisdiction exists, but Salter has not alleged any of the facts required to support diversity jurisdiction, namely, that Salter is a citizen of a different state than either Mellon or the Cook County Sheriff's Department, and that the amount in controversy is more than $75,000. See 28 U.S.C. § 1332. Therefore, the federal courts have no jurisdiction over this case, and the district court was correct to dismiss the case without prejudice to filing in state court.
 
 
 3
 Mellon moved this court to take judicial notice of the fact that the foreclosure was completed and the property at issue sold after Salter filed his notice of appeal. Mellon claims that this new development moots this case. Because we conclude that the district court otherwise lacked jurisdiction over this suit, we deny Mellon's motion as moot.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Salter's motion for reconsideration was a motion pursuant to Federal Rule of Civil Procedure 60(b). This appeal is timely because Salter filed his Rule 60(b) motion within 10 days of the entry of the order dismissing the suit, thus extending the time for appeal to 30 days after entry of the order disposing of the Rule 60 motion. See Fed.R.App.P. 4(a)(4)