**Dianna WHIGHAM, Plaintiff–Appellant,**

v.

**State of ARIZONA, a public entity; et al., Defendants–Appellees.**

No. 01–17490.

D.C. No. CV–00–00652–WDB.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 30, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Dianna Whigham appeals pro se the district court's order dismissing without prejudice her medical malpractice and wrongful death claims against a state hospital and state medical personnel. We review de novo dismissals for lack of subject matter jurisdiction. *Sommatino v. United States,* 255 F.3d 704, 707 (9th Cir.2001). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Whigham's claims against the state of Arizona are barred by the Eleventh Amendment. *Bd. of Trustees of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Subject matter jurisdiction over Whigham's suit cannot be based on diversity, because all parties to the litigation are citizens of Arizona. *See* 28 U.S.C. § 1332(a). "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Whigham's attempts to tether her medical malpractice claims to various federal statutes and constitutional provisions do not satisfy the "well-pleaded complaint rule." *See Rivet v. Regions Bank,* 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (holding that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint").

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.