CORTINAS, J.
Appellants, certain black police sergeants (the “Officers”) employed by the City of Miami (the “City”), brought suit in state court for monetary and injunctive relief against the City. The complaint alleged that the City implemented discriminatory employment practices made unlawful by the Florida Civil Rights Act. After a prior dismissal of the Officers’ lawsuit in federal court for lack of federal jurisdiction and subsequent refiling of this action in state court, the trial court granted the City’s motion for final summary judgment based upon lack of subject matter jurisdiction and dismissed the case without prejudice. This appeal followed. We find that the state court has subject matter jurisdiction and, as such, we reverse the state court’s grant of final summary judgment.
In 1977, a federal court consent decree (“Consent Decree”) was issued against the City prohibiting employment discrimination against minorities and females. Because of the City’s compliance with the terms of the Consent Decree and the improvements made to its employment practices, a 1999 order (the “Order”) issued by Federal Judge Shelby Highsmith replaced the Consent Decree with respect to positions within the City’s Police Department. The Order “enjoined and restrained permanently” unlawful discrimination against employees within the police department on the basis of the employee’s race, national origin, or gender. Additionally, the City was required to continue the development of lawful selection procedures for the screening and hiring of candidates. These procedures included, inter alia, providing assistance with test preparation, informa *1160 tion on test content, and pre-approval for each stage of a police examination.
In April 2000, the City administered an examination for promotion to the rank of police lieutenant. No black officers scored high enough to receive a promotion. The Officers filed their original complaint in state court alleging racial discrimination under the Florida Civil Rights Act. The complaint specifically referenced the Order and alleged that the administration and conditions of the examination had a disparate and adverse impact on black police officers. The Officers sought monetary and injunctive relief. The state court granted the City’s motion to dismiss, finding that, based upon issuance of the Order, the federal court retained jurisdiction over the matter. On appeal, we affirmed the dismissal but stated it was “contingent on the [fjederal [c]ourt accepting jurisdiction over the matter” and that the Officers could refile the action in state court if the federal court “finds that it does not have jurisdiction over this matter.” Najiy v. City of Miami 867 So.2d 575, 576 (Fla. 3d DCA 2004).
Subsequently, the Officers filed a federal court action alleging unlawful violations of the Florida Civil Rights Act. Unlike the original state court complaint, the federal complaint did not specifically reference the Order and removed any mention of Judge Highsmith. Along with their complaint, the Officers also filed a motion to dismiss, which was granted. The federal judge determined that based on the face of the complaint, there was no federal question presented and, therefore, no federal jurisdiction.
The Officers then refiled in state court, including in their complaint only Florida Civil Rights Act violations. The trial court granted the City’s motion for final summary judgment. The Officers appealed. On appeal, the City argued that the Officers should be limited to seeking relief in federal court pursuant to Rule 71 of the Federal Rules of Civil Procedure.[1] While we agree that the Officers may be classified as intended beneficiaries under Rule 71,[2] thereby enabling them to enforce the Order through a federal action for contempt, we find that this is not the Officers’ sole avenue of relief.
Although we agree that the Officers are not limited in their relief to enforcement of the Order pursuant to Rule 71, we must examine whether the Officers raise a valid state law claim that is properly brought in state court. To establish original jurisdiction in federal court, there must either be diversity of citizenship between the parties, which does not exist in this case, or federal question jurisdiction. *1161 In re County Collector of Winnebago, Ill., 96 F.3d 890, 895 (7th Cir.1996). Federal question jurisdiction exists when the action “aris[es] under the Constitution, laws, or treaties of the United States.” 28 U.S.C. § 1331 (2000). A case may arise under federal law when: (1) the cause of action was created by federal law; (2) the state cause of action is really one of federal law; or (3) a substantial, disputed question of federal law is a necessary element of the well-pleaded state claim. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), superseded by statute on other grounds, 28 U.S.C. § 1441(e); County Collector, 96 F.3d at 895.
First, we examine whether the cause of action in the complaint was created by federal law. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-13, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), superseded by statute on other grounds, 28 U.S.C. § 1441(e); County Collector, 96 F.3d at 895. In Carrabus v. Schneider, 111 F.Supp.2d 204, 207 (E.D.N.Y.2000), plaintiffs challenged a police examination alleging that it was in violation of state and county mandates as well as Title VII. Id. at 209. Prior to this action, a federal consent decree was entered in which the county agreed to undertake all police department employment decisions on a nondiscriminatory basis. Id. at 205. Plaintiffs argued that by giving equal weight to questions related to the background and personal characteristics of candidates as well as to the answers of cognitive questions on the examination, an increased number of minority positions were awarded, which discriminatorily impacted the plaintiffs. Id. at 207. The complaint in Carrabus specifically alleged “whether the [exam], as formulated and as administered, complies with Title VII and applicable provisions of the Code of Federal Regulations.” Id. at 209. Also, the plaintiffs essentially based their complaint on allegations of discrimination as a result of compliance with the prior consent decree entered pursuant to Title VII. Id.
Unlike Carrabus, the Officers’ complaint in this case alleges racial discrimination in the promotional practices of the City with respect to the Florida Civil Rights Act. No reference is made to any federal law violations. Further, the Officers are not alleging discrimination as a result of the City’s compliance with the Order. Accordingly, on the face of the complaint there are no implications of federal law and, therefore, the Officers’ cause of action was created by the Florida Civil Rights Act and not by federal law.[3]
Next, we examine whether the state cause of action established under the Florida Civil Rights Act is really one of federal law. See id. The City argues that the Officers withheld factual details about the alleged violations of the Order and, as such, the trial court’s dismissal for lack of subject matter jurisdiction should be affirmed. While it is true that a plaintiff is generally free to choose whether to base a claim on state or federal law, a plaintiff is not at liberty to avoid pleading necessary federal questions to avoid removal to fed *1162 eral court. County Collector, 96 F.3d at 896. “Artful pleading” is an independent corollary of the well-pleaded complaint rule[4] and it is an attempt to recharacterize a federal law claim as a state cause of action. Id. A court may look beyond the face of the state complaint to determine whether the claim is actually one arising under federal law. Id.
While there are conflicting opinions in the federal district courts regarding whether the “artful pleading” doctrine should have an expansive application, see City of Warren v. City of Detroit, 495 F.3d 282, 287 (6th Cir.2007); Her Majesty the Queen in Right of Ontario v. City of Detroit, 874 F.2d 332, 340 (6th Cir.1989), we agree with those districts that limit its application in an effort to sustain the effectiveness of the well-pleaded complaint rule. Id. As such, “[t]he artful pleading doctrine allows removal where federal law completely preempts an asserted state-law claim.... ” Rivet v. Regions Bank, 522 U.S. 470, 471, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); City of Warren, 495 F.3d at 287; XL Sports, Ltd. v. Lawler, 49 Fed. Appx. 13, 19 n. 4 (6th Cir.2002) (“[T]he only exception to the well-pleaded complaint rule is the doctrine of complete preemption.” (quoting Robinson v. Mich. Consol. Gas Co., 918 F.2d 579, 585 (6th Cir. 1990))).
In McGee v. Illinois Department of Transportation, 2002 WL 31478261 *1 (N.D.Ill. Nov. 5, 2002), black Illinois Department of Transportation Workers filed suit alleging racial discrimination and retaliation in violation of Title VII. Their complaint sought, inter alia, injunctive relief and damages. Id. at *3. A previously issued consent decree required that class members who obtained promotions pursuant to the terms of the consent decree receive treatment and training equal to that received by other employees in the same position. Id. at *2. The consent decree provided injunctive and monetary relief for class members, the same relief sought by the McGee plaintiffs. Id. at *2-3. The defendants argued that the complaint should be dismissed because the allegations fell within the scope of the decree, thereby limiting their relief to an action of contempt for violation of the decree. Id. at *4. The court stated that the allegations brought by the plaintiffs were “within the scope of the [djecree’s requirements of equal treatment, equal training, and non-retaliation.” Id. However, the court indicated that this alone was not sufficient to dismiss the complaint and that, in addition to showing that the allegations fell within the scope of the decree, the defendants were required to show that the decree provided that it was the exclusive remedy for the plaintiffs challenge. Id. at *5. The court examined the language of the decree and found:
[N]o language that reflects an intent by the parties to settle claims, or resolve with any finality, issues-legal or factual-other than those contained in the original pleadings.... There is also no language that makes the [djecree’s remedial provisions the “exclusive remedy” for any future violations that arise under or are related to the subject matter of the [djecree (i.e., claims based on race discrimination, harassment and retaliation). Nor is there any language delineating what remedies the Court can provide to the plaintiffs in the event it finds a violation of the [djecree.
Id. Thus, the court concluded that the parties could have plainly stated their in *1163 tention to make the decree their sole exclusive remedy. Id. at *6. Instead, because the parties did not, the decree did not foreclose the possibility of the lawsuit at issue. Id. Further, the court determined that, if the plaintiffs desired to institute a proceeding for civil contempt under the decree, they could not be required to proceed with their claims in a separate lawsuit. Id. at *7. Conversely, the plaintiffs could not be foreclosed from proceeding through a separate lawsuit if they chose not to sue for civil contempt under the decree. Id.
After an examination of the Order, we find that the parties, similar to the parties in McGee, did not expressly set forth their intention that the Order constitute the sole remedy for violations, nor did the Order express exclusive remedies the court could provide for violations of the Order.[5] As such, the Officers did not violate the “artful pleading” doctrine and we find that the instant state cause of action was not one of federal law.
Lastly, we examine whether a substantially disputed question of federal law is a necessary element of the well-pleaded state claim. Franchise Tax Bd., 463 U.S. at 8-13, 103 S.Ct. 2841; County Collector, 96 F.3d at 895. We do not find that resolution of the Officers’ Florida Civil Rights Act allegations necessarily implicates federal law, as a state law claim does not arise under federal law simply because it adversely impacts the terms of a federal consent decree. County Collector, 96 F.3d at 897; Metheny v. Becker, 352 F.3d 458, 460 (1st Cir.2003) (“That the case might be regarded as an improper attack on a prior federal judgment does not provide grounds for removal.”) (citing Rivet, 522 U.S. at 474-77, 118 S.Ct. 921).
Accordingly, because the complaint does not arise under federal law and may properly be brought in state court, we reverse the trial court’s grant of summary judgment in favor of the City and find that the trial court has subject matter jurisdiction over this matter.
Reversed and remanded.

. Rule 71 states:
When an order is made in favor of a person who is not a party to the action, that person may enforce obedience to the order by the same process as if a party; and, when obedience to an order may be lawfully enforced against a person who is not a party, that person is liable to the same process for enforcing obedience to the order as if a party.
Fed.R.Civ.P. 71.

. To determine whether a non-party may be classified as an intended beneficiary of a prior consent decree, we look to the language of the decree. See Save the Lake v. City of Hillsboro, 158 Ohio App.3d 318, 2004-Ohio-4522, 815 N.E.2d 706, 710-11. The Order specifies that its goal is "to prevent future hiring and promotional discrimination in the City of Miami Police Department by ensuring that the City has in place lawful selection devices for the public service aide and sworn classified positions prior to termination of this Court's supervision as to those positions.” We believe that this language expresses an intention that future police officers, who were not parties to the original Consent Decree, be permitted to seek relief pursuant to the terms of the Decree which are now expressed in the Order.

. A parallel claim to the Florida Civil Rights Act allegations would be a Title VII claim pursuant to the Federal Civil Rights Act. As set forth in Title XI, Title VII does not preempt a Florida Civil Rights Act claim:
Nothing contained in any title of this Act shall be construed as indicating an intent on the part of Congress to occupy the held in which any such title operates to the exclusion of State laws on the same subject matter, nor shall any provision of this Act be construed as invalidating any provision of State law unless such provision is inconsistent with any of the purposes of this Act, or any provision thereof.
42 U.S.C. § 2000h-4.

. The well-pleaded complaint rule provides that “federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.” Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

. In Barfus v. City of Miami, 936 F.2d 1182, 1188 (11th Cir.1991), non-minority firefighters sued for reverse discrimination in relation to promotional practices made pursuant to a consent decree implemented for the benefit of minority firefighters. The court noted that the decree itself contemplated the pursuit of independent actions for minority plaintiffs. This was evidenced by the following language in the decree: ''[njothing in this [d]ecree will be construed as limiting the rights of any individual as provided by Section 706 of Title VII, 42 U.S.Code, Section 2000e-5.” Although this language was not contained in the Order in the case sub judice, it was contained in the original Consent Decree which the Order terminated. This displays the intention of the original parties that private causes of action related to discrimination not be foreclosed by issuance of the Consent Decree.