**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARIEL BAREL, personal representative of Joseph Piovo; DONNA KARA, personal representative of Joseph Piovo, <br><br> Appellants, <br><br> v. <br><br> ROBERT STONE; et al., <br><br> Defendants-Appellees. | No. 15-15650 <br><br> D.C. No. 2:13-cv-01922-APG-GWF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Joseph Eugene Piovo, through personal representatives Ariel Barel and

Donna Kara, appeals pro se from the district court's judgment dismissing Piovo's

action alleging a civil rights claim under 42 U.S.C. § 1982. We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). We affirm.

The district court properly dismissed Piovo's action for lack of subject matter jurisdiction because Piovo did not present a federal question on the face of his amended complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (plaintiff must present a federal question on the face of a properly pleaded complaint); *see also Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (setting forth elements of a prima facie case under 42 U.S.C. § 1982).

The district court did not abuse its discretion in dismissing Piovo's action without granting further leave to amend because amendment would be futile. *See Serra v. Lappin*, 600 F.3d 1191, 1195, 1200 (9th Cir. 2010) (setting forth standard of review and factors for a district court to consider in determining whether to grant leave to amend).

We reject as unsupported by the record Piovo's contentions that the district court was biased, failed to comply with court rules, erred in staying discovery, held Piovo's pleadings to an improper standard, or otherwise erred in its analysis of

Piovo's pleadings.

Piovo's request for judicial notice, set forth in his reply brief, is denied.

Piovo's motion to strike (Docket Entry No. 59) is denied.

**AFFIRMED.**