NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2018[*]
Decided April 5, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 17-3046

| | |
|---|---|
| TRINA L. CARPENTER & FAMILY, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 17 C 2667 |
| CITY OF CHICAGO, et al., *Defendants-Appellees*. | Gary Feinerman, *Judge*. |

### O R D E R

Trina Carpenter and her family have fallen on troubled times; that much is clear, but her complaint is very difficult to follow. We can discern that her home was foreclosed upon, her family and property were forcibly removed, and the house was demolished. She also has been hounded by creditors about debts she says are invalid,

---

[*] We have agreed to decide the case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C). The defendants were not served with process in the district court, and are not participating in this appeal.

her driver's license was wrongfully suspended, and her son has a wrongful conviction on his record that he has not been able to expunge. The district court, after giving her two chances to amend her complaint, concluded that her second amended complaint against 20 defendants was "largely incomprehensible," dismissed her federal claims with prejudice, and declined to exercise supplemental jurisdiction over any state-law claims. Because we too cannot find grounds for relief under federal law stated in the extensive materials she filed, we affirm.

As far as we can tell, Carpenter's claims can be grouped into four categories: (1) those which relate to the wrongful foreclosure, eviction, and relocation, as well as the repossession of her family's personal property and vehicles (one of which was a lemon that the defendant dealer never should have sold to her); (2) those pertaining to her ruined credit (against debt counselors and creditors including utility companies); (3) those relating to the wrongful suspension of her driver's license and her daughter's; and (4) those pertaining to her son's wrongful conviction for an unspecified offense. The defendants range from those who executed wrongful acts to those who failed to intervene to the lawyers who defended them. There is no obvious link among the events Carpenter discusses, some of which date back to 2004, but she appears to allege an overarching scheme to harm her.

The district court found all three of Carpenter's complaints inadequate. It dismissed her original 215-page complaint because it was "incomprehensible" and advised her how to clarify her allegations in an amended complaint. The district court dismissed her 91-page amended complaint, too, for again violating the rules requiring her to provide "a short and plain statement of the claim" demonstrating that she was entitled to relief, FED. R. CIV. P. 8(a)(2), and state her claims in paragraphs "limited as far as practicable to a single set of circumstances," putting each claim founded on a separate occurrence "in a separate count," FED. R. CIV. P. 10(b). The court warned her that it would dismiss her case with prejudice if her second amended complaint did not satisfy these rules. Carpenter then filed a second amended complaint that the court still found "largely incomprehensible," which we interpret to mean that it also violated Rules 8(a)(2) and 10(b). The court dismissed this complaint with prejudice, noting also that it did not state a federal claim for relief, and the court declined to exercise supplemental jurisdiction over any state-law claims.

Carpenter's appellate brief is hard to follow, but we address her general contention that the district court should not have dismissed her second amended

complaint. We cannot fault the district court for concluding that this complaint strayed too far from the pleading rules. The second amended complaint did not comply with Rule 8(a)(2) because it does not understandably convey her allegations that the defendants legally wronged her. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946–47 (7th Cir. 2013). And the violations of Rule 10(b) are patent. *See id*.

As a backstop, the district court also stated that Carpenter did not "state any viable federal claim" in her second amended complaint. The court did not elaborate, but we see a host of deficiencies—including jurisdictional defects. For example, we lack jurisdiction over any claim that challenges the validity of the state-court foreclosure judgment and its execution because we cannot exercise appellate authority over state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). More generally, we cannot identify a basis for federal jurisdiction over *any* claim. There is no indication that Carpenter could invoke jurisdiction based on diversity of citizenship, and we cannot find a federal question, either. She filed a form complaint for civil-rights cases, which states that she brought her claims under 42 U.S.C. §§ 1983, 1985, and 1986. Nevertheless, regarding § 1983, we cannot tell which of her constitutional rights may have been violated, and we do not discern allegations that could be interpreted to state a claim for relief under § 1985 or § 1986. And although she refers to housing and disability law, her allegations are not fleshed out enough for us to tell whether any federal statute provides a basis for jurisdiction. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

Other problems abound. The government officials she names (the county sheriff, the city comptroller, and city hearing officers) were not personally involved in the events she describes, so they presumably are sued in their official capacities. But she does not allege that her injuries were caused by an express or de facto policy, or by an official with final policy-making authority. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978). Carpenter also does not name the individuals who personally participated in the conduct she complains of. *See Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017). And the defendants she does name are mostly private entities, not "state actors" as required by § 1983. *See Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016). Furthermore, Carpenter's suit impermissibly brings "unrelated claims against different defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Finally, the district court did not abuse its discretion by denying Carpenter's motion for recruited counsel because she had not made a reasonable attempt to obtain counsel on her own. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc).

AFFIRMED