NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEEANN A. ATKINS, | No. 18-56622 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-01310-DOC-ADS |
| v. | |
| JPMORGAN CHASE & CO.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 8, 2020**

Before:     TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Leeann A. Atkins appeals pro se from the district court's order dismissing

her action alleging state law claims arising out of foreclosure proceedings.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack

of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

The district court properly dismissed Atkins's action for lack of subject matter jurisdiction because Atkins failed to allege a federal question or complete diversity of citizenship in her complaint. *See* 28 U.S.C. §§ 1331, 1332; *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction under § 1331, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" (citation and internal quotation marks omitted)); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (§ 1332 applies only when "the citizenship of each plaintiff is diverse from the citizenship of each defendant").

The district court did not abuse its discretion in denying Atkins's request for an extension of time to oppose defendants' motions to dismiss and to file an amended complaint where Atkins filed the request three days before the hearing on the motions to dismiss. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (standard of review for denial of leave to amend); *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258 (9th Cir. 2010) (standard of review for a denial of an extension of time); *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (explaining that "district courts have inherent power to control their dockets" and this court "will reverse a district court's litigation management decisions only if it abused its discretion" (citation and internal quotation marks omitted)).

All other pending motions and requests are denied.

**AFFIRMED.**