**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEBORAH BAREFIELD, as administrator of the Estate of Thomas W. Hatch,

Plaintiff-Appellant,

v.

HSBC HOLDINGS, PLC; et al.,

Defendants-Appellees.

No. 19-16324

D.C. No. 1:18-cv-00527-LJO-JLT

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted January 20, 2021[**]

Before:    McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Deborah Barefield appeals pro se from the district court's order dismissing

her action alleging federal and state law claims arising out of foreclosure

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo

the existence of subject matter jurisdiction and a dismissal under Federal Rule of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6) for failure to state a claim. *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015). We affirm.

The district court properly denied Barefield's May 15, 2018 motion to remand the action to state court because the district court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332, and the action was properly removed under 28 U.S.C. § 1441. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction under § 1331, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" (citation and internal quotation marks omitted)); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (requirements for diversity jurisdiction under § 1332).

The district court properly denied Barefield's October 24, 2018 motion to remand the action to state court because the district court continued to have diversity jurisdiction. *See Hill v. Blind Indus. & Servs. of Md.*, 179 F.3d 754, 757 (9th Cir. 1999) ("[D]iversity jurisdiction is determined at the time the action commences, and a federal court is not divested of jurisdiction if . . . the amount in controversy subsequently drops below the minimum jurisdictional level." (citation omitted)).

The district court properly dismissed Barefield's claims against Caliber Home Loans, Inc. and Summit Management Company, LLC (erroneously sued as Summit Property Management, Inc.) ("Caliber Defendants") as well as HSBC

Mortgage Services Inc. (erroneously sued as HSBC Holdings, PLC) because Barefield failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also* Fed. R. Civ. P. 9(b) (claims for fraud must be pleaded with particularity); Cal. Civ. Code § 882.020(a)(1) (security instrument is enforceable until 10 years after the final maturity date "[i]f the final maturity date or the last date fixed for payment of the debt or performance of the obligations in ascertainable from the recorded evidence of indebtedness"); Cal. Code. Civ. Proc. § 761.020 (elements of claim for adverse claim to title); *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000) (explaining the nature of a breach of covenant of good faith and fair dealing claim); *Lazar v. Superior Court*, 909 P.2d 981, 984 (Cal. 1996) (elements of fraud under California law); *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 640-42 (Ct. App. 2011) (explaining the tender requirement and excuses to tender).

The district court properly dismissed Barefield's laches claim because laches is an affirmative defense and not a claim. *See Golden Gate Water Ski Club v. County of Contra Costa*, 80 Cal. Rptr. 3d 876, 890 (Ct. App. 2008) ("Laches is an equitable defense based on the principle that those who neglect their rights may be barred from obtaining relief in equity." (internal quotation marks omitted)).

The district court did not abuse its discretion by denying Barefield's motion to strike the Caliber Defendants' answer because the delay was brief and had no impact on the proceedings, and there was no evidence of bad faith. *See* Fed. R. Civ. P. 12(a)(4)(A); *McCabe v. Arave*, 827 F.2d 634, 639-40 (9th Cir. 1987) (the district court did not abuse its discretion by denying plaintiffs' motion for sanctions for failing to file a timely answer because failure to file was due to inadvertence).

**AFFIRMED.**