**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021[*]
Decided June 7, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1298

| | |
|---|---|
| ZAKARYAH YASHAR'AL, <br> *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division |
| *v.* | No. 1:21-cr-00027-JMS-TAB-01 |
| ASHLEY HOPPER, et al., <br> *Respondents-Appellees*. | Jane Magnus-Stinson, <br> *Judge*. |

**O R D E R**

This is an appeal of an order remanding a criminal prosecution to state court after the defendant tried to remove it to federal court. Zakaryah Yashar'al was charged with driving unlicensed with fictitious plates. In seeking removal, he asserted that he was a "sovereign" and "biblical ambassador" immune from suit. In remanding, the district court ruled that Yashar'al did not meet the criteria of the federal removal statutes. *See* 28 U.S.C. §§ 1441–1455. Because Yashar'al has no statutory basis for

---

[*] The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

removal and his frivolous invocation of immunity does not supply federal jurisdiction, we affirm.

Yashar'al was charged in Indiana state court for driving without obtaining a license, Ind. Code § 9-24-18-1, and driving with a fictitious plate, *id.* § 9-18.1-4-5. A police officer had pulled him over because, in place of a state-issued license plate, his car displayed a plate identifying the driver as a "diplomat" of the biblical tribe of Judah. In place of a driver's license, Yashar'al showed the officer a card identifying him as a "lawful ambassador" and "sovereign Hebrew Israelite." Both plate and card were issued by a religious organization with which Yashar'al identifies.

Yashar'al tried and failed to remove the misdemeanor prosecution to federal district court. He asserted that removal was proper on many grounds, including under federal statutes (28 U.S.C. §§ 1331–32, 1441–43, 1455, and 1446); federal common law; and international law. In his notice of removal, he swore he was a "sovereign state national republic" outside the jurisdiction of federal and state governments. He also sought civil counterclaims. The court ordered a summary remand, § 1455(b)(4), reasoning that Yashar'al had made no coherent assertion that he met the requirements of §§ 1442, 1442a, or 1443—the only possible bases for removing a criminal case.

Yashar'al argues on appeal that the court misapplied § 1443(1), which authorizes removing a criminal case when necessary to enforce certain civil rights. In his view, that section applies because Indiana is prosecuting him based on racial, ethnic, and national-origin discrimination. But removal under § 1443(1) requires two elements: (1) denial of a right bestowed by "a federal law providing for specific civil rights stated in terms of racial equality"; and (2) inability to "enforce the specified federal rights in the courts of (the) State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (parentheses in original) (internal quotations and citations omitted). Even if we assume that Yashar'al's barebones allegations satisfy the first element, he gives us no reason to disturb the presumption that the state court can enforce his rights. *See id.* at 219–20.

He also argues that federal courts have removal jurisdiction over suits against foreign diplomats and that he is an ambassador from his religious movement. But removal jurisdiction is purely statutory, *In re Application of Cnty. Collector*, 96 F.3d 890, 895 (7th Cir. 1996), and Yashar'al points to no statute authorizing removal of matters involving foreign officials. And even if he did, nothing in the record suggests that Yashar'al is affiliated with a foreign state recognized by the United States.

Yashar'al next baselessly contends that the district court had jurisdiction based on the defense of immunity; he believes that, as a sovereign ambassador with special ancestry, he is immune from prosecution. Apart from the problems that Yashar'al is not a recognized ambassador, and defenses generally do not create federal jurisdiction, *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quotation and citation omitted), the defense of "sovereign-citizen immunity" is frivolous. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (explaining that "[r]egardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' [etc.] … that person is not beyond the jurisdiction of the courts," and the "theories of individual sovereignty, immunity from prosecution, and their ilk" should be "rejected summarily").

We close with a final note. In his notice of appeal (and as reflected in the case caption), Yashar'al named as appellees parties against whom he seeks civil counterclaims. But Yashar'al identifies no authority permitting civil counterclaims against third parties in a criminal prosecution, so we do not address those claims.

We have considered Yashar'al's other arguments, and they are also frivolous.

AFFIRMED