NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1567
_____

CHARLES L. SIMS,
                              Appellant

v.

VIACOM, INC.
_____

On Appeal from the District Court
for the Western District of Pennsylvania
D.C. Civil No. 2-12-cv-00166
(Honorable Terrence F. McVerry)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 12, 2013

Before: HARDIMAN, SCIRICA, and NYGAARD, *Circuit Judges*

(Filed: November 14, 2013)


_____

OPINION OF THE COURT
_____

**SCIRICA**, *Circuit Judge*

Charles L. Sims ("Sims") appeals the District Court's dismissal of his third lawsuit against Viacom Inc. ("Viacom") contending Viacom copied his concept for a reality television show. Sims's two prior actions against Viacom were dismissed with prejudice, and Sims did not appeal those final judgments. The District Court found Sims's third lawsuit arose out of the same facts and circumstances as his prior actions and accordingly dismissed the lawsuit as barred under the doctrine of res judicata. We will affirm.[1]

## I.

In 2004, Sims and collaborator Allison Jordan ("Jordan") registered a treatment for a proposed reality television show, "Ghetto Fabulous," with the Writers Guild of America. Jordan submitted the treatment to various entertainment industry contacts, including Stacey Jenkins ("Jenkins") of Viacom. As a precondition for reviewing the "Ghetto Fabulous" treatment, Viacom required Sims and Jordan to execute a Submission Release, which, among other things, required any claims against Viacom for the use of legally protectable material be brought within six months of the date Sims and Jordan were aware or reasonably should have been aware of Viacom's use or intended use of such material.

Jordan and Jenkins discussed "Ghetto Fabulous" for approximately two years.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 and § 1338(a). We have jurisdiction under 28 U.S.C. § 1291. The District Court granted Viacom's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, we accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). Our review of a district court's application of the doctrine of res judicata is plenary. *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir. 2009).

2

Jenkins then allegedly advised Jordan Viacom was ready to make an offer for the concept, but she had to wait because of changes at Viacom subsidiary VH1. Viacom never made an offer.

In April 2007, VH1 debuted a reality television show, "Charm School," which would ultimately air for three seasons—beginning in April 2007, October 2008, and July 2009. Within weeks of the "Charm School" premiere, Sims drafted a document comparing the show with "Ghetto Fabulous" and concluded they were the same.

In January 2009, Sims and Jordan filed the first action against Viacom in the Philadelphia County Court of Common Pleas, which Viacom removed to the United States District Court for the Eastern District of Pennsylvania. The court granted summary judgment for Viacom on breach of contract, breach of implied contract, and negligent misrepresentation claims. *Sims v. Viacom, Inc.* (*Sims I*), No. 09-3521, 2010 WL 4665969, at *3–4 (E.D. Pa. Nov. 17, 2010). Among other things, the court concluded the Submission Release was the undisputed contract in issue and the six-month limitations period set forth in the Release barred the breach of contract claim. *Id.* at *3. Sims and Jordan did not appeal.

In June 2011, Sims filed a second action against Viacom in the United States District Court for the Western District of Pennsylvania, alleging copyright infringement, violation of the Digital Millennium Copyright Act ("DMCA"), and unjust enrichment, all with regard to the April 2007 season of "Charm School." The court granted Viacom's motion to dismiss the copyright and DMCA claims as barred by the three-year statute of limitations and found the unjust enrichment claims preempted by federal copyright law.

3

*Sims v. Viacom, Inc.* (*Sims II*), No. 11-cv-0675, 2012 WL 280609, at \*4–6 (W.D. Pa. Jan. 31, 2012). The court also dismissed Sims's copyright claim because he failed to register his work with the Copyright Office, a statutory prerequisite to filing a copyright infringement action. *Id.* at \*5. Furthermore, the court found Sims's copyright and DMCA claims were not barred by res judicata, as Viacom argued, because Sims's failure to register his treatment with the Copyright Office meant he could not have raised copyright infringement or DMCA claims in *Sims I. Id.* at \*4. Sims did not appeal.[2]

On February 10, 2012—ten days after the dismissal of *Sims II*—Sims filed this action in the Western District of Pennsylvania against Viacom alleging copyright infringement, violation of the DMCA, and unjust enrichment for the July 2009 season of "Charm School" and the February 2009 season of another Viacom reality television show, "From G's to Gents," which Sims also contends Viacom copied from his "Ghetto Fabulous" treatment. On January 29, 2013, the District Court, adopting Chief Magistrate Judge Lenihan's November 26, 2012 Report and Recommendation, granted Viacom's motion to dismiss Sims's claims as barred under res judicata.[3] This timely appeal followed.

## II.

The doctrine of res judicata, or claim preclusion, is intended to avoid piecemeal litigation of claims arising from the same events. *Churchill v. Star Enters.*, 183 F.3d 184,

---

[2] On October 31, 2011, while the decision in *Sims II* was still pending, Sims registered his "Ghetto Fabulous" treatment with the Copyright Office.

[3] The District Court also adopted Chief Magistrate Judge Lenihan's recommendation Viacom's motion for sanctions be denied. Viacom does not appeal that judgment.

194 (3d Cir. 1999). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id.* (quoting *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476 (1998)). The application of res judicata requires a defendant to demonstrate three elements: (1) a final judgment on the merits in a prior suit involving, (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). "If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

We hold the District Court correctly applied the doctrine of res judicata to dismiss this action. First, the *Sims I* and *Sims II* courts entered final judgments on the merits against Sims. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (finding dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes); *Hubicki v. ACF Indus., Inc.*, 484 F.2d 519, 524 (3d Cir. 1973) (noting summary judgment is a final judgment on the merits for res judicata purposes).[4] Second, both *Sims I* and *Sims II* involved the same parties.

Sims contends, however, the District Court erred in concluding this lawsuit is based on the same cause of action as *Sims I* and *Sims II* because the subject matter of this

---

[4] Sims contends there was no final judgment on the merits in *Sims I* and *Sims II* because those cases involved different subject matter than this action. But that argument goes to the third element of the res judicata test—whether this lawsuit is based on the same cause of action as *Sims I* and *Sims II*.

5

complaint differs from his prior actions against Viacom. Specifically, Sims argues he could not have pleaded the subject matter of this action—the 2009 seasons of "Charm School" and "From G's to Gents" and episodes of both programs rebroadcast on television or the Internet between 2009 and 2013—in *Sims I* because the 2009 seasons did not yet exist. Furthermore, Sims contends he only pleaded the 2007 episodes of "Charm School" in *Sims II*, so the subject matter of that case differs from this action.

In determining whether two suits are based on the same cause of action, we take a broad view, evaluating whether there is "essential similarity of the underlying events giving rise to the various legal claims." *CoreStates Bank*, 176 F.3d at 194 (quoting *Athlone Indus.*, 746 F.2d at 983–84); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) ("We '[do] not apply this conceptual test mechanically,' but 'focus on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit.'" (quoting *Churchill*, 183 F.3d at 194)). In conducting this inquiry, we consider "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Lubrizol*, 929 F.2d at 963 (quoting *Athlone Indus.*, 746 F.2d at 984). A party's reliance on different statutes, assertion of different theories of recovery, or seeking of different relief in each action is not dispositive for res judicata purposes. *Athlone Indus.*, 746 F.2d at 984.

Here, we conclude the third element of res judicata is met. The gravamen of Sims's third complaint is the same as *Sims I* and *Sims II*—his contention Viacom copied

6

his concept for a reality television show from the "Ghetto Fabulous" treatment Sims and Jordan submitted to Viacom. Though Sims attempts to differentiate this action by focusing his claims only on the 2009 seasons of "Charm School" and "From G's to Gents" and noting his copyright registration for the "Ghetto Fabulous" treatment, such minor differences do not undermine the "essential similarity of the underlying events" which form the basis of Sims's claims. *See Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009) ("A claim extinguished by res judicata 'includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction *or series of connected transactions*, out of which the action arose.'" (quoting Restatement (Second) of Judgments § 24(1) (1982) (emphasis added by *Elkadrawy*))); *Churchill*, 183 F.3d at 195 (dismissing under res judicata a second action pleading different legal theories and new facts because of the essential similarity of the underlying events with a prior lawsuit). We likewise discount Sims's contention he should be entitled to plead each season separately because each episode of the television shows is a separate work entitled to its own copyright protection. Sims complains Viacom copied his concept for a reality television show, not for particular episodes. Furthermore, the 2009 seasons of "Charm School" and "From G's to Gents" are part of a series of connected transactions—beginning with Sims's allegation Viacom stole his idea for a reality television show—and accordingly are based on the same cause of action as *Sims I* and *Sims II*. *See Elkadrawy*, 584 F.3d at 174.

Moreover, Sims could have included the 2009 seasons of "Charm School" and "From G's to Gents" in *Sims I* or *Sims II*. Sims filed an amended complaint in *Sims I* in

7

September 2009, after the February 2009 season of "From G's to Gents" and July 2009 season of "Charm School" had aired. *See Elkadrawy*, 584 F.3d at 173–74 (dismissing under res judicata a second action because plaintiff could have brought "new" claims in his first complaint or amended that complaint to add "new" claims); *CoreStates Bank*, 176 F.3d at 194 (noting res judicata applies to claims that "could have been raised previously"). Similarly, because Sims filed *Sims II* in June 2011, he could have included the 2009 seasons of both television shows in that action. Accordingly, the District Court correctly found this lawsuit to be based on the same cause of action as *Sims I* and *Sims II*.[5]

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[5] Sims also challenges Chief Magistrate Judge Lenihan's comparison of *Bieg v. Hovnanian Enters., Inc.*, No. Civ. A. 98-5528, 1999 WL 1018578 (E.D. Pa. Nov. 9, 1999), to his action against Viacom. Sims appears to contend *Bieg* should be read as holding an action should not be dismissed under res judicata if the same alleged copyright violations recur at a later date. But Sims misreads *Bieg*. The *Bieg* court refused to dismiss the case on res judicata grounds because it was unclear whether all copyright violations alleged in the second action overlapped or occurred before a settlement of the first action (a final judgment on the merits for res judicata purposes) and whether the parties agreed in connection with that settlement to preserve copyright claims. *Id.* at *5. In this action, by contrast, the 2009 alleged infringements had already occurred when Sims amended his *Sims I* complaint in September 2009 and when *Sims II* was filed in June 2011.