**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1556
_____

SANDRA HARMON,
                                    Appellant

v.

DEPARTMENT OF FINANCE, Sussex Co. Delaware; JASON
ADKINS, individually and in his capacity as defense counsel for Sussex
County Administration; SUSSEX COUNTY BOARD OF ADJUSTMENT &
APPEALS MEMBERS; DALE CALLAWAY, Chairman individually and in his
capacity as Chairman; ELLEN MAGEE, individually and in his capacity as a
board member; J. BRUCE MEARS, individually and in his capacity as a board
member; JOHN MILLS, individually and in his capacity as a board member;
E. BRENT WORKMAN, individually and in his capacity as a board
member; SUSSEX COUNTY ADMINISTRATION

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-18-cv-01021)
District Judge:  Honorable Richard G. Andrews

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 25, 2022
Before: JORDAN, GREENAWAY, Jr., and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: December 13, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Sandra Harmon appeals the District Court's order dismissing her complaint as barred by res judicata. For the reasons discussed below, we will vacate the District Court's judgment and remand for further proceedings.

This is Harmon's second federal action concerning property that she owned in Rehoboth Beach, Delaware. She filed her first complaint on October 30, 2017. See D. Del. Civ. No. 1-17-cv-01817. There, she alleged that, due to fire damage, Sussex County issued a demolition order, which directed her to raze and remove the structure on or before June 24, 2017. She attempted to challenge that order, but did not pay the filing fee, and the home was demolished on September 14, 2017. In her complaint, Harmon challenged the demolition, alleging that the defendants—Sussex County and three Sussex County employees—had violated her constitutional right to enjoy her property, violated her due process rights, and had conspired to deprive African-Americans of their beach property. The defendants filed a motion for summary judgment, which the District Court granted. We affirmed that judgment. See Harmon v. Sussex Cnty., 810 F. App'x 139 (3d Cir. 2020).

In July 2018, Harmon filed another action in the United States District Court for the District of Delaware. In this complaint, Harmon principally challenged a subsequent sheriff's sale of the property, which occurred on June 19, 2018. She alleged that the defendants—the Sussex County Department of Finance and six Sussex County

2

employees—had violated her constitutional rights and committed RICO violations. The District Court dismissed the complaint, concluding that because the first civil action (No. 1-17-cv-01817) had been finally resolved adversely to Harmon, res judicata barred this second suit. Harmon appealed.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's application of res judicata. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009).

The District Court erred in concluding that judgment in Harmon's first action barred her complaint in this one. We have "adopted a bright-line rule that *res judicata* does not apply to events post-dating the filing of the initial complaint." Morgan v. Covington Twp., 648 F.3d 172, 177 (3d Cir. 2011). The sheriff's sale occurred more than eight months after Harmon filed her first complaint, and therefore the first action does not bar her claims challenging the sheriff's sale. The District Court reasoned that Harmon could have amended her complaint in the first action to include these later-arising claims, but Morgan chose its bright-line rule in part to avoid "disputes about whether plaintiffs could have amended their initial complaints to assert claims based on later-occurring incidents." Id.[1]

---

[1] Indeed, in the District Court's opinion leading to this appeal, the Court explained "[a]t summary judgment [in the first action], Plaintiff argued that Defendants unlawfully took her property and sold it at a Sheriff's Sale and that Defendants arbitrarily and capriciously applied rules, procedures, and policies, all in violation of her right to due process. Plaintiff did not raise this claim in her complaint and it was not considered." ECF No. 69 at 4 n.3.

The appellees argue that we "limited" <u>Morgan</u>'s bright-line rule in <u>Sims v. Viacom, Inc.</u>, 544 F. App'x 99 (3d Cir. 2013), but we disagree.  <u>Sims</u> did not mention <u>Morgan</u> or purport to distinguish it; and, in any event, <u>Sims</u> is a not-precedential opinion, and "[n]ot precedential opinions are, by definition, not binding on this Court, and our internal operating procedures do not allow us to cite and rely upon those opinions." <u>Chehazeh v. Att'y Gen.</u>, 666 F.3d 118, 128 n.12 (3d Cir. 2012) (citing 3d Cir. I.O.P. 5.7). We thus continue to apply <u>Morgan</u>'s rule.

Accordingly, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.[2]

---

[2] The appellees' motion to file a supplemental appendix and the appellant's motion to file supplemental exhibits are granted.