NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELO HERNANDEZ, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HASSAN ALAMEDDINE, individually and in his official capacity as Building Official for the County of Los Angeles, California; COUNTY OF LOS ANGELES; MARY CONWAY WICKHAM, County Counsel; ROBERT C. CARTWRIGHT, Assistant County Counsel; ROSA LINDA CRUZ, Senior Deputy County Counsel; MARK KENNETH WORTHGE, Esq. SBN 118435; ALEXANDRIA HOBSON, SBN 303320, <br><br> Defendants-Appellees. | No.  22-55402 <br><br> D.C. No. 2:20-cv-02534-DMG-SK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted November 2, 2023[**]

Before:  O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Marcelo Hernandez appeals pro se from the district court's judgment dismissing his civil rights action with prejudice. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see, e.g., Weston Family P'ship LLLP v. Twitter,* 29 F.4th 611, 617 (9th Cir. 2022), and we affirm.

The district court properly determined that it had jurisdiction to adjudicate Hernandez's complaint, because Hernandez alleged a violation of a federal statute. 28 U.S.C. § 1331; *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (to establish jurisdiction under § 1331, a federal question must be "presented on the face of the plaintiff's properly pleaded complaint" (citation and internal quotation marks omitted)).

The district court properly dismissed Hernandez's federal claims because Hernandez failed to state a colorable claim under federal law. *See* U.S. Const., amend. X ("The powers not delegated to the United States . . . are reserved to the States respectively, or to the people."); *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (Fourth Amendment); *Connick v. Thompson,* 563 U.S. 51, 60 (2011) (vicarious liability under 42 U.S.C. § 1983); *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538 (2005) (Fifth Amendment takings per se); *Penn Central Transp. Co. v. New York City*, 438 U.S. 104 (1978) (Fifth Amendment takings); *see generally Mathews v. Eldridge*, 424 U.S. 319, 334-35 (1976) (due process).

The district court properly dismissed Hernandez's state law claims, because

2

Hernandez did not file a timely notice under the California Tort Claims Act. Cal. Gov't Code § 911.2(a); *see also, e.g., Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

The district court did not abuse its discretion in denying Hernandez's motion for reconsideration, because he presented no colorable basis for reconsideration. *See, e.g., Carroll v. Nakatani,* 342 F.3d 934, 940, 945 (9th Cir. 2003) (motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law; it may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (setting forth standard of review).

We reject as without merit and unsupported by the record Hernandez's arguments that he was denied discovery, or a trial; that there were no findings; that the district court allowed "false documents"; and that he was not heard before the district court.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations made for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Hernandez levies wild accusations against the district court. These

3

accusations are utterly unsupported.  The record reveals no judicial misconduct, and certainly no criminal liability, for proper decisions that went against Hernandez.

Hernandez's motions for a stay and for remand (Docket Entry Nos. 14, 17, 18) are denied.

**AFFIRMED.**